## 66857. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. MERIWETHER.

SHULMAN, Chief Judge.

In a suit brought against Meriwether, the plaintiffs alleged that he had injured them by closing a public road. Appellee answered that he had not blocked a public road but merely closed a gate across a private farm road entirely on his property. He demanded that appellant, his insurer, provide him a defense in the action. Appellant then filed an action seeking a judgment declaring that it had no duty to defend appellee. After considering cross motions for summary judgment, the trial court denied appellant's motion and granted appellee a partial summary judgment on the issue of appellant's duty to provide a defense. This appeal is from that judgment.

The policy here involved contains the following language regarding coverage for personal liability: "Coverage G — Personal Liability. The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, *caused by an occurrence,* and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damages even if any of the allegations of the suit are groundless, false or fraudulent." An "occurrence" is defined elsewhere in the policy as "... an *accident* ... which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." (Emphasis supplied.)

There appears to be substantial dispute as to whether appellee blocked a public road or a private farm road. Accordingly, a question would exist in that lawsuit against appellee as to whether appellee has any liability to the plaintiffs in that action. However, there is no dispute in the present action concerning the fact that appellee intentionally blocked the disputed way. That being so, appellee's act cannot be said to be accidental and is, therefore, not an "occurrence" within the definition of that word in the policy. *Continental Cas. Co. v. Parker,* 161 Ga. App. 614 (1) (288 SE2d 776); *Thrift-Mart v. Commercial Union Assurance Cos.,* 154 Ga. App. 344 (268 SE2d 397); *Ga. Farm Bureau &c. Ins. Co. v. Ray,* 148 Ga. App. 85 (251 SE2d 34). It necessarily follows from the conclusion that appellee's conduct does not come within the definition of an "occurrence" that appellee's conduct is not within the coverage of the policy issued by appellant.

Since appellee's conduct is not covered by the policy, appellant was not bound to provide appellee a defense. The trial court erred in

granting summary judgment to appellee and in denying it to appellant.

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 30, 1983 —
REHEARING DENIED DECEMBER 20, 1983 —

*David E. Barrett,* for appellant.
*B. W. Crecelius, James E. Carter, James A. Nolan,* for appellee.