### 75008. STAGGS et al. v. WANG.
(363 SE2d 808)

BENHAM, Judge.

Appellants, three sisters formerly employed by the Presidential

Hotel, filed suit against appellee Wang individually and against several entities doing business as the Presidential Hotel. In the suit filed on December 11, 1984, appellants alleged Wang had sexually harassed them; had fraudulently induced them into employment contracts; had failed to pay them the wages they had earned; had used his position to forestall their complaints; and, when appellant Staggs agreed not to pursue a workers' compensation claim, had promised but failed to pay her the medical expenses she had incurred as a result of a work-related injury. Appellee was not served with process until May 16, 1986, and he filed a motion for summary judgment on the ground that appellants' complaint was barred by the doctrine of laches. The trial court agreed, and granted appellee's motion as to all claims in the action pending against him. Appellants then commenced this appeal.

1. Appellee's motion to dismiss the appeal is denied. See OCGA § 5-6-48.

2. The trial court characterized appellants' lawsuit against appellee as one seeking compensation for personal injuries and applied the two-year period of limitation found in OCGA § 9-3-33. Each appellant agreed that the actions which were the basis of her claims against appellee occurred while she was employed at the hotel. The parties stipulated that appellant Staggs was last employed by the hotel in February 1984; appellant Leech on May 9, 1982; and appellant Blizzard on February 5, 1984. Thus, any personal injury claim that appellee Leech had was time barred when appellants' complaint was filed on December 11, 1984. While the personal injury statute of limitation had not expired as to Blizzard or Staggs when the complaint was filed, appellee was not served until May 16, 1986, several months after the period of limitation had expired as to the personal injury claims of Blizzard and Staggs.

"The mere filing of a petition is not the commencement of a suit unless timely service is perfected as required by law and the named defendant is duly brought into court; and the mere filing of a suit will not of itself toll the statute of limitations in a case. [Cits.] . . . 'Where service is made after the expiration of the applicable statute of limitation, the timely filing of the complaint tolls the statute only if "the plaintiff shows that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible" ' . . . [T]he trial judge should look at all the facts involved and ascertain whether the plaintiff was in any way guilty of laches. If he were, of course he would be barred, but if he acted in a reasonably diligent manner then he would not be. The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitation is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse. [Cits.]" *Freeman v. Dubroca*, 177 Ga. App. 745

(2) (341 SE2d 276) (1986).

The record is devoid of any effort by appellants to show the exercise of due diligence. The record does contain appellee's affidavit in which he swore that since November 30, 1983, over a year before appellants filed suit, he had resided at the address where he was served on May 16, 1986. The record also contains an excerpt from the deposition of appellant Blizzard, taken one week after the complaint in this lawsuit was filed, in which her attorney noted that the lawsuit had been filed and that if ongoing negotiations were unfruitful, process would be served. "Considering the factual posture, we cannot say as a matter of law that the trial court abused its discretion in holding that plaintiffs did not exercise due diligence in attempting to perfect timely service on defendant in the personal injury . . . claim." *Early v. Orr*, 135 Ga. App. 887, 888 (219 SE2d 622) (1975).

3. Appellants contend the trial court erred in denying a motion for continuance and a "motion for discovery." The motions were filed November 17, 1986, the day on which appellants also filed a brief in opposition to appellee's motion for summary judgment. The record contains no ruling on either motion. "It was the duty of counsel to invoke a final ruling on his motion, and his failure to do so precludes our review of the motion on appeal." *Bautz v. Best*, 170 Ga. App. 219 (4) (316 SE2d 589) (1984). Even if we assume that the trial court's grant of summary judgment filed four days after appellants requested a continuance amounted to a denial of that motion, we must conclude that the trial court did not abuse its discretion in so ruling. Appellants sought the continuance in order to have appellee's co-defendants produce records concerning charges purportedly leveled against appellee by women he formerly supervised. Such material would not have affected the laches issue upon which the trial court based its decision.

4. After using the personal injury statute of limitation and applying the doctrine of laches, the trial court granted summary judgment to appellee on all causes of action against him. Appellants contend the trial court erred because some of their allegations were contractual in nature. We have reviewed appellants' verified complaint and conclude that four of the five counts against appellee sound in tort and the application of a two-year statute of limitation was appropriate. In the remaining count, appellants alleged that appellee, acting individually as well as in his capacity as an agent of the entities doing business as the hotel, had paid appellants less than they had earned. On deposition, each appellant testified that she had not received payment for overtime and special events she had worked. The record contains no evidence of written contracts of employment between appellants and appellee; however, giving appellants the benefit of all reasonable doubts and all favorable inferences that may be drawn

from the evidence (*Herrington v. Stone Mountain &c. Assn.*, 119 Ga. App. 658 (168 SE2d 633), rev'd on other grounds, 225 Ga. 746 (171 SE2d 521) (1969)), that count of appellants' complaint can be read as alleging a claim for the value of services rendered to appellee (OCGA § 9-2-7), for which a two-year period of limitation is not applicable. See *Willner & Millkey v. Shure*, 124 Ga. App. 268, 270 (183 SE2d 479) (1971). See also *Bass v. Hilts &c. Equip. Co.*, 151 Ga. App. 883 (1) (261 SE2d 787) (1979). Since appellee was served prior to the expiration of the four-year statute of limitation on the implied contract action (OCGA § 9-3-26), the doctrine of laches was not applicable, and the trial court erred in granting appellee summary judgment on this count.

*Judgment affirmed in part and reversed in part. Banke, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 30, 1987 —
REHEARING DENIED DECEMBER 15, 1987.

*Joab L. Kunin*, for appellants.
*Alfred B. Adams III, Frank O. Brown, Jr.*, for appellee.