## 76759. BARRETT v. COMMERCIAL UNION INSURANCE COMPANY.
(373 SE2d 59)

SOGNIER, Judge.

Mark Barrett brought suit against Commercial Union Insurance Company seeking recovery of a theft loss claim made under his homeowner's insurance policy. The trial court granted summary judgment in favor of Commercial Union, and Barrett appeals.

The record reveals that appellant submitted a claim under a homeowner's policy issued by appellee for a theft loss that occurred on March 27, 1985. After several months of negotiations, appellee denied the claim in a letter dated February 25, 1986. In the letter, appellee also reminded appellant that "strict compliance with all policy provisions will be required" if he intended to file suit. The parties disagree as to precisely which policy originally was sent to appellant,

but they do agree that the policy in effect at the time of the theft provided that all legal actions must be filed within one year after the loss, and that appellant filed this action on January 27, 1987.

Appellant contends the trial court erred by granting summary judgment to appellee on the basis that appellant failed to file suit within one year after the theft. Appellant argues that appellee waived the time limitation by continuing to negotiate the claim, thereby leading appellant to believe he would be paid without having to file suit. Although insurance policy provisions identical to the one sub judice requiring lawsuits to be filed within one year after the claim arises have been held to be firm and binding on numerous occasions, see *Johnson v. Ga. Farm &c. Ins. Co.*, 141 Ga. App. 859, 860 (2) (234 SE2d 693) (1977), " ' "[i]t is a universal rule that, where the insurer, by its acts in negotiating for a settlement, has led the policyholder to believe that he will be paid without suit, the insurer cannot take advantage of a provision in the policy which requires the action to be brought in a certain time. [Cit.] . . ." Further, it is not necessary that there be an actual promise to pay in order for the acts of the insurer to effect a waiver of the time limitation. If the facts show that negotiations for a settlement have led the insured to believe that the claim would be paid by the insurer, without a suit, this will constitute a waiver of time requirement. . . .' [Cit.] However, mere negotiation for settlement, unsuccessfully accomplished, 'is not that type of conduct designed to lull the claimant into a false sense of security so as to constitute an estoppel by conduct thus precluding an assertion of (the contractual time limitation) defense by the (insurer).' [Cit.]" *Georgia Farm &c. Ins. Co. v. Nolan*, 180 Ga. App. 28, 29 (348 SE2d 554) (1986).

Appellant's only evidence submitted in support of his contention that appellee waived the one-year time limitation is the statement of his attorney that after appellee denied the claim, appellant "continued to attempt to secure information to satisfy" appellee, and that "it was understood no suit needed to be filed, if the information could be obtained." We find this evidence to be insufficient. First, the testimony of appellant's counsel was presented in the form of an unsworn document, which "can not be regarded as an affidavit," *Redwine Bros. v. Jarrell*, 14 Ga. App. 294 (2) (80 SE 728) (1914), and thus fails under OCGA § 9-11-56 (e) to create a question of fact. We note that appellee made no objection to the form of this statement in the trial court, and the trial court apparently considered the affidavit in ruling on appellee's motion for summary judgment. However, even assuming objection to the sufficiency of the affidavit was waived, *Chapman v. McClelland*, 248 Ga. 725, 726 (2) (286 SE2d 290) (1982), the affidavit provides no evidence that *appellee* continued negotiations or made any offers after it denied the claim. Indeed, the record reveals no evi-

dence of any contact between the parties after the February 1986 letter. Consequently, as appellee argues, the record is devoid of any evidence that the parties were engaged in settlement agreement or negotiating independent of the brief of appellant's counsel. "[W]e may not rely on these assertions contained in the briefs of the parties but must look to the record . . . to determine if there is harmful error. [Cits.]" *Spicewood, Inc. v. Dykes Paving &c. Co.*, 185 Ga. App. 397, 398 (364 SE2d 298) (1987).

Finally, even assuming the parties were engaged in settlement negotiations, there is no dispute that appellee never offered any amount in settlement, and unequivocally denied the claim before expiration of the one-year time limitation. Thus, there is no evidence "of any affirmative promise, statement or other act . . . to lead [appellant] into believing that [appellee] intended to enlarge on the limitation period contained in the contract . . . ." *Johnson*, supra at 861.

Viewing the evidence in the light most favorable to appellant, the respondent below, we conclude there is no dispute that appellant failed to file suit within the time required by the policy. Further, we find no evidence that the parties continued to negotiate after appellee denied the claim, and thus find no evidence that appellee either waived or led appellant to believe that it would waive the one-year time limitation. Accordingly, there was no error in the trial court's grant of summary judgment to appellee. See *Nolan*, supra at 28-29.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 9, 1988.

Clayton H. Hollingsworth, Jr., for appellant.
Richard L. Patton, for appellee.