77207. PRESIDENTIAL HOTEL v. CANAL INSURANCE COMPANY.
(373 SE2d 671)

McMURRAY, Presiding Judge.

Plaintiffs Sueun Staggs, Sue Blizzard and Kee Leech, brought suit against several entities doing business as the Presidential Hotel and Joe Wang individually. They alleged that they were employed by the hotel and that Wang, their supervisor, acting individually and as an agent of the hotel, used his position and authority to sexually harass them. They also alleged that Wang paid plaintiffs less than they earned; that he paid plaintiffs and scheduled work hours in such a way as to forestall any complaints which plaintiffs otherwise would have made; and that the hotel was aware of Wang's actions. Furthermore, they alleged that defendants fraudulently induced them to enter into contracts of employment and that "[p]laintiffs were damaged thereby both mentally and monetarily." Finally, with regard to plaintiff Sueun Staggs, it was alleged that she sustained injuries when she slipped and fell on a wet floor in the hotel; that she initiated a workers' compensation claim but was informed by Wang that the ho-

tel did not carry workers' compensation insurance; that Wang said that he or the hotel would pay Staggs' medical expenses if she did not pursue a claim; that Staggs was repeatedly told she would be compensated; that all such statements were false and made to induce Staggs to forego a workers' compensation claim; and that "[p]laintiff Sueun Staggs believed the statements of Defendants, acted upon them, and was damaged thereby in that no compensation was paid."

Canal Insurance Company ("Canal") previously had issued a policy of insurance to the hotel. The policy provided, in pertinent part: "The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence, and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental to the business of the named insured conducted at or from the insured premises, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent . . .."

The policy defined the term "bodily injury" as "bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom." The term "occurrence" was defined as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." The term "property damage" was said to mean "(1) physical injury to or destruction of tangible property which occurs during the policy period . . . or (2) loss of use of tangible property which has not been physically injured or destroyed . . .."

The defense of plaintiffs' lawsuit was tendered to Canal by the hotel. Canal denied coverage. In a third-party complaint, the hotel sought damages against Canal for its refusal to defend the hotel and pay any loss which the hotel might sustain.

While plaintiffs and defendants skirmished (see *Staggs v. Wang*, 185 Ga. App. 310 (363 SE2d 808)) Canal moved for summary judgment upon the third-party complaint. Canal's summary judgment motion was granted and the hotel appealed. *Held:*

The duty of an insurer to defend its insured is determined by the contract of insurance. *Great American Ins. Co. v. McKemie*, 244 Ga. 84, 85 (259 SE2d 39). Like the majority of liability insurance policies, the policy issued by Canal to the hotel required Canal to defend claims asserting liability under the policy, even if those claims are groundless.

To determine whether a claim (even a groundless claim) is covered by the policy, we must look to the allegations of the complaint.

*Great American Ins. Co. v. McKemie*, supra. In the case sub judice, the complaint sets forth sexual harassment, fraud and implied contract claims. See *Staggs v. Wang*, 185 Ga. App. 310, 312 (4), supra. Do such claims assert liability under the policy?

The policy covers bodily injury or property damage claims resulting from an occurrence. It is argued that plaintiffs are seeking damages for bodily injury and that, therefore, liability is asserted under the policy. In this regard, the hotel points out that plaintiffs' lawsuit was characterized by the trial court "as one seeking compensation for personal injuries . . ." *Staggs v. Wang*, 185 Ga. App. 310, 311 (2), supra.

Used in an insurance policy, the term "bodily injury" means just that — "bodily injury." It pertains to physical injury to the body. It does not include non-physical, emotional or mental harm. *West American Ins. Co. v. Bank of Isle of Wight*, 673 FSupp. 760, 765 (E.D. Va. 1987); *Continental Cas. Co. v. Synalloy Corp.*, 667 FSupp. 1550, 1559 (S.D. Ga. 1985). And it cannot be equated with the broader term "personal injury." *Rolette County v. Western Cas. &c. Co.*, 452 FSupp. 125, 130 (D. N.D. 1978).

In asserting their sexual harassment, fraud and implied contract claims, plaintiffs seek monetary and "mental damages." They do not seek damages for actual physical harm. Compare *Cotton States Mut. Ins. Co. v. Crosby*, 244 Ga. 456, 457 (260 SE2d 860), where plaintiff sought damages for mental anguish and humiliation in addition to actual damages resulting from a rape. Thus, plaintiffs' claims do not seek damages for "bodily injury." *West American Ins. Co. v. Bank of Isle of Wight*, 673 FSupp. 760, 765, supra; *Continental Cas. Co. v. Synalloy Corp.*, 667 FSupp. 1550, 1559, supra.

Assuming, arguendo, plaintiffs do assert claims for bodily injury, we must conclude nevertheless that the policy issued by Canal does not afford coverage to the hotel. The policy covers damages for bodily injury resulting from an "occurrence." That term is defined in the policy as an "accident . . . which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." Thus, intentional acts are not covered under the policy. *Georgia Farm Bureau &c. Ins. Co. v. Meriwether*, 169 Ga. App. 363 (312 SE2d 823); *Georgia Farm Bureau &c. Ins. Co. v. Ray*, 148 Ga. App. 85 (251 SE2d 34).

It is alleged by plaintiffs that the hotel, by and through its agents, sexually harassed and defrauded plaintiffs. Given these allegations of intentional conduct, it cannot be said that any resulting bodily injury to plaintiffs was unintended. Accordingly, the assertions of liability by plaintiffs do not fall with the policy's definition of an "occurrence." *Georgia Farm Bureau &c. Ins. Co. v. Meriwether*, 169 Ga. App. 363, supra.

Plaintiffs' claims are not covered by the policy of insurance which Canal issued to the hotel. It follows that the trial court did not err in granting Canal's motion for summary judgment.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 29, 1988.

John G. Haubenreich, for appellant.
T. Cullen Gilliland, John B. Austin, for appellee.