A90A2361. GONZALEZ v. ZANT et al.
(403 SE2d 880)

COOPER, Judge.

Appellant, an inmate, files this pro se appeal from the trial court's order dismissing appellant's civil action.

Appellant brought an action against the warden of the prison in which he is incarcerated and the staff physician for a total of $300,000 in damages resulting from appellant's fall on a wet floor surrounding a drinking fountain. Appellant alleged that after his fall, he was left unattended in the prison infirmary for over 14 hours until he was transported to another medical center for surgery to repair a broken leg. Appellant asserted that the appellees were negligent, requested damages for his residual pain and disabilities and requested a jury

trial. Appellant, an indigent, filed the requisite pauper's affidavit and proceeded in forma pauperis. The trial court stated that after thoroughly examining and thoughtfully considering the matters raised in appellant's civil action, "[i]t is the Judgment of the Court that [appellant's] petition fails to set out sufficient grounds upon which relief may be granted." Appellant's petition was dismissed.

OCGA § 9-15-2 (d) directs the clerk to present a complaint that is submitted by an indigent party not represented by counsel directly to a judge of the court. If, after review, in the judge's determination, "the pleading shows on its face such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the court could grant any relief against any party named in the pleading, then the judge shall enter an order denying filing of the pleading." OCGA § 9-15-2 (d). In his petition, appellant alleges that he was injured as a result of appellees' negligence and he sets forth a factual statement in support of these contentions. "We find that the [petition was] therefore more than sufficient to set forth a cause of action under OCGA § 9-11-8, as it is only necessary that the defendants be placed on notice of the claim against them. [Cit.]" *Acker v. Veal*, 183 Ga. App. 297, 298 (359 SE2d 7) (1987).

*Judgment reversed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED MARCH 8, 1991.

Juan Gonzalez, *pro se.*
*Michael J. Bowers, Attorney General*, for appellees.