A91A2006. CANTRELL v. ALLSTATE INSURANCE COMPANY.

(415 SE2d 711)

SOGNIER, Chief Judge.

Allstate Insurance Company brought a declaratory judgment action to determine its obligations to its insured Lloyd Cantrell concerning a separate lawsuit previously filed by others against Cantrell. Allstate prevailed on its motion for summary judgment, and Cantrell appeals.

Appellant is an insured under a homeowners policy issued by appellee. In July 1990 Gene Naugher, William E. Hubbard, and Sue Hubbard Burke brought suit against appellant and two other defendants asserting claims for false imprisonment, malicious prosecution, and conspiracy, and seeking general and punitive damages (hereinafter referred to as the "Naugher suit"). When appellee was notified of the Naugher suit, it issued a reservation of rights letter to appellant and subsequently filed this action to determine its obligations to defend appellant and cover the claim.

The policy provides for liability coverage for "all sums arising from an accidental loss which an insured person becomes legally obligated to pay as damages because of bodily injury or property damage covered by [the liability section] of the policy," and excludes from liability coverage "any bodily injury or property damage which may reasonably be expected to result from the intentional or criminal acts of an insured person or which are in fact intended by an insured person." "Bodily injury" is defined as "bodily injury, sickness or disease, including required care, loss of services and resulting death." The trial court concluded that these provisions excluded the Naugher suit from coverage under the policy.

Appellant contends material fact questions remain concerning the nature of the claims asserted in the Naugher suit and the adequacy of his notice to appellee so as to preclude the grant of summary judgment. We disagree, as we find the policy language clearly excludes coverage for the claim at issue, and thus hold the question of notice is not material.

An insurer's " 'duty to defend is determined by the [insurance] contract; and since the contract obligates the insurer to defend claims asserting liability under the policy[,] even if groundless, the allega-

tions of the complaint are looked to to determine whether a liability covered by the policy is asserted.' [Cit.]" (Emphasis and footnote omitted.) *Great American Ins. Co. v. McKemie*, 244 Ga. 84, 85-86 (259 SE2d 39) (1979). Contrary to appellant's contentions, the material fact question in this declaratory judgment action is not whether the Naugher suit has merit but whether the suit alleges a claim that is covered by the policy. *St. Paul Fire &c. Ins. Co. v. Mitchell*, 164 Ga. App. 215, 216 (1) (296 SE2d 126) (1982). "[A] distinction [is] drawn between groundless suits and actions which, even if successful would not be within the policy coverage," (punctuation and citations omitted), *Great American Ins.*, supra at 85, and the insurer is only obligated to defend the former. Id.

The Naugher suit plaintiffs clearly and unequivocally manifest not only in their pleadings but also in their depositions and through their attorneys' statements at hearings that their complaint asserts claims only for false imprisonment and malicious prosecution, both of which are intentional acts. See *Williams v. Smith*, 179 Ga. App. 712, 713 (2) (348 SE2d 50) (1986) (false imprisonment held to be an intentional tort); *Munford, Inc. v. Anglin*, 174 Ga. App. 290, 293 (2) (329 SE2d 526) (1985) (tort of malicious prosecution is not governed by tort of negligence, but rather requires proof of malice). Moreover, since the Naugher suit plaintiffs assert claims only for general and punitive damages and advance no allegations of physical harm, their claims clearly cannot be considered to seek damages for "bodily injury" within the meaning of the policy provisions. *Presidential Hotel v. Canal Ins. Co.*, 188 Ga. App. 609, 611 (373 SE2d 671) (1988).

Appellant's contention that the business pursuits exclusion indicates that non-business actions will be covered is without merit, for that coverage extends only to bodily injury or property damage, neither of which is alleged in the Naugher suit. Further, appellant's argument that appellee should be required to defend because of the possibility that the Naugher suit complaint might later be amended to allege a cause of action covered by the policy was expressly rejected by the Supreme Court in *Great American Ins.*, supra at 84-85.

Accordingly, we hold the trial court properly granted summary judgment to appellee. See *Presidential Hotel*, supra at 611-612.

*Judgment affirmed. Carley, P. J., and Beasley, J., concur. Judge Arnold Shulman disqualified.*

DECIDED FEBRUARY 17, 1992.

*Harp & Associates, B. Seth Harp, Jr.*, for appellant.
*Page, Scrantom, Harris & Chapman, Richard A. Marchetti*, for

appellee.