A93A2208. BRAYMAN et al. v. ALLSTATE INSURANCE
COMPANY.
(441 SE2d 285)

COOPER, Judge.

Allstate Insurance Company brought a declaratory judgment action against its insureds, Lawrence and Shirley Brayman, to determine its obligations to the Braymans with respect to a lawsuit brought against them for slander.[1] The trial court granted Allstate's motion for summary judgment and the Braymans appeal.

Allstate issued a homeowners insurance policy to the Braymans which provides in pertinent part as follows: "Allstate will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an accident and covered by this part of the policy." The policy excludes from coverage any bodily injury or property damage resulting from "an act or omission intended or expected to cause bodily injury or property damage . . . even if the bodily injury or property damage is of a different kind or degree, or is sustained by a different person or property, than that intended or expected." "Bodily injury" is defined as "physical harm to the body, including sickness or disease, and resulting death." In July 1990, plaintiff Little brought suit against the Braymans alleging they had made numerous false and malicious statements to others that she was a homosexual and that such statements were deliberately calculated to injure her, constituted slander per se, and had caused her great mental pain and anguish.

1. The Braymans' sole enumeration of error is that the trial court erred in granting summary judgment to Allstate because the claim for slander is covered under that portion of the policy providing coverage for bodily injury. "An insurer's duty to defend is determined by the insurance contract; and since the contract obligates the insurer to defend claims asserting liability under the policy, even if groundless, the allegations of the complaint are looked to to determine whether a liability covered by the policy is asserted." (Citations and punctuation omitted.) Cantrell v. Allstate Ins. Co., 202 Ga. App. 859, 860 (415 SE2d 711) (1992). "Used in an insurance policy, the term 'bodily in-

---

[1] Allstate also named Barbara Little, the individual who brought suit against the Braymans, as a defendant in the declaratory judgment action; however, she is not a party to this appeal.

jury' means just that — 'bodily injury.' It pertains to physical injury to the body. It does not include non-physical, emotional or mental harm. And it cannot be equated with a broader term 'personal injury.'" (Citations omitted.) *Presidential Hotel v. Canal Ins. Co.*, 188 Ga. App. 609, 611 (373 SE2d 671) (1988). The plaintiff's complaint against the Braymans alleges only a non-physical injury, *Oliver v. Wal-Mart Stores*, 209 Ga. App. 703, 704 (434 SE2d 500) (1993), and seeks damages for purely mental harm. *Presidential Hotel*, supra at 611. Thus, the plaintiff's complaint does not seek damages for "bodily injury" within the meaning of the policy provisions. Id.

Furthermore, even if we were to assume the plaintiff did assert a claim for bodily injury, such would only be covered if it occurred as the result of an accident. The plaintiff's complaint asserts that the Braymans' statements about her were false and malicious and were deliberately calculated to cause her harm. Although the policy does not define the term "accident," it specifically excludes coverage for intentional acts. Moreover, the term "accident" has been defined generally as "an undesirable or unfortunate happening that occurs unintentionally and usually results in harm, injury, damage, or loss." (Random House Dictionary of the English Language (2d ed. 1987).) Thus, given the plaintiff's allegations that the Braymans' acts were intentional, we cannot say that any alleged bodily injury she may have suffered occurred as the result of an accident. See *Presidential Hotel*, supra at 611. Accordingly, the plaintiff's allegations of liability are not covered by the policy and the trial court properly granted summary judgment to Allstate.

2. Inasmuch as appellants' brief consisted of one page of argument and cited no applicable Georgia authorities, we can find no reasonable basis on which appellants could have anticipated reversal of the trial court's judgment. We thus assess a $500 penalty against appellants pursuant to Court of Appeals Rule 26 (b) for pursuing a frivolous appeal. The trial court is directed to enter judgment in such amount upon return of the remittitur in this case. See *English v. Liberty Mtg. Corp.*, 205 Ga. App. 141 (4) (421 SE2d 286) (1992).

*Judgment affirmed with direction. Beasley, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 15, 1994.

*Richard D. Phillips*, for appellants.
*Barrow, Sims, Morrow & Lee, R. Stephen Sims*, for appellee.