A96A0646. HAIN et al. v. ALLSTATE INSURANCE COMPANY.
(471 SE2d 521)

BLACKBURN, Judge.

John B. Hain, First Realty Mortgage Corporation, and Kimberly Abbott appeal the trial court's order granting summary judgment to Hain's insurer, Allstate Insurance Company (Allstate), in the underlying declaratory judgment action involving Allstate's obligations under its homeowner insurance policies and a personal umbrella policy. Specifically, the appellants argue that the trial court erred in determining that Allstate was not obligated to insure Hain against charges of assault and battery and intentional infliction of emotional distress stemming from a pattern of sexual harassment which Abbott alleged occurred while she was Hain's employee. Abbott alleges that the wrongful conduct was not restricted to the office environment, but also occurred at places away from work such as at her home and various restaurants.

It is undisputed that the homeowner policies at issue grant coverage only to claims of *bodily injury* arising from an *accident*, and specifically exclude acts *intended* to cause bodily injury in any degree and wilful acts which are a crime pursuant to our criminal code. Additionally, the personal umbrella policy specifically excludes coverage for acts intended to cause bodily injury, including mental anguish.

Pretermitting the issue of whether Abbott suffered a bodily injury as defined under any or all of the policies in question, Hain contends that his policies with Allstate provide coverage on the assault and battery and intentional infliction of emotional distress charges because Abbott does not necessarily have to establish that Hain intended to cause her harm in order to prevail. In such a case, Hain argues, any resulting harm could be deemed merely accidental. Abbott's amended complaint, however, expressly states that "[Hain] acted with the specific intent to cause [her] harm." In addition, in her amended complaint, Abbott alleges that acts forming the basis of her assault and battery and intentional infliction of emotional distress claims — which included unwelcomed sexual advances such as hugging, kissing, and caressing — continued although she "consistently informed [Hain] that she desired to engage in no relationship with him other than that of employer and employee." Furthermore, assault and battery and intentional infliction of emotional distress are by their very nature *intentional* torts.

In determining whether an alleged injury was intentional, and thus could not be considered accidental, we look to the allegations made by the plaintiff in the complaint. See *Brayman v. Allstate Ins. Co.*, 212 Ga. App. 96, 97 (441 SE2d 285) (1994); see also *Presidential Hotel v. Canal Ins. Co.*, 188 Ga. App. 609, 611 (373 SE2d 671) (1988).

As in *Brayman* and *Presidential Hotel*, because the plaintiff alleges that the acts and resulting harm were intentional, we cannot say that any alleged bodily injury she may have suffered was unintended or the result of an accident. Accordingly, the trial court properly granted summary judgment to Allstate.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED APRIL 15, 1996 —
RECONSIDERATION DENIED MAY 22, 1996 — 

*Andersen, Davidson & Tate, Thomas T. Tate, Matthew B. Merrell*, for appellants.

*Alston & Bird, Natalie J. Davis, Sutherland, Asbill & Brennan, Steven L. Polk*, for appellee.