## A96A1016. BATES v. GUARANTY NATIONAL INSURANCE COMPANY.
(476 SE2d 797)

RUFFIN, Judge.

Guaranty National Insurance Company ("Guaranty National") filed a declaratory judgment action against Michael Bates, and Bates appeals from the trial court's grant of summary judgment to Guaranty National. For reasons which follow, we affirm.

Summary judgment is appropriate when the court, viewing all the evidence and drawing all reasonable inferences in a light most favorable to the non-movant, concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). "A defendant who will not bear the burden of proof at trial need not affirmatively

disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. [Cit.]" Id.

Viewed in that light, the record shows the following. Leon Baker entered a store owned by Foodmart Stores ("FMS") where Bates was an employee. Bates became hostile when Baker attempted to purchase items with a $50 bill, and Bates shoved Baker with both hands, pointed a handgun at Baker, and told Baker to leave the store. Baker filed a complaint against FMS and Bates, alleging negligence, assault, aggravated assault, simple battery, battery and intentional infliction of emotional distress.

When the incident occurred, FMS was insured by Guaranty National. Guaranty National filed a complaint for declaratory judgment against Bates and FMS to determine whether coverage was available under the applicable insurance policy. Subsequently, Guaranty National moved for summary judgment, asserting its insurance policy did not provide coverage for the claims alleged by Baker in the underlying tort action. The trial court granted Guaranty National's motion for summary judgment.

Guaranty National's policy contains the following language under the heading "Bodily Injury And Property Damage Liability": "We will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies. . . . This insurance applies to bodily injury and property damage only if: (1) The bodily injury or property damage is caused by an occurrence that takes place in the coverage territory. . . ." "Bodily injury" is defined as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." "Occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The policy excludes "[b]odily injury or property damage expected or intended from the standpoint of the insured[,]" but states that the exclusion "does not apply to bodily injury resulting from the use of reasonable force to protect persons or property."

In addition, the policy applies to "[p]ersonal injury caused by an offense arising out of [FMS's] business. . . ." "Personal injury" is defined as "injury, other than bodily injury, arising out of one or more of the following offenses: false arrest, detention or imprisonment; malicious prosecution; wrongful eviction or invasion of privacy; slander or libel; and oral or written invasion of privacy."

Bates contends the trial court erred in granting Guaranty

National summary judgment because questions of material fact exist regarding (1) whether Bates acted with "reasonable force" in defending himself and store property and (2) whether Bates acted with the "intent to injure" Baker. Guaranty National contends (1) the alleged assault and battery was an intentional act and, therefore, excluded from coverage and (2) Baker's injuries are not "bodily injuries" covered by the policy.

1. We agree with Guaranty National that the injuries alleged by Baker in Counts 1 through 4 and 8 of his underlying tort action are not "bodily injuries" covered by the policy. In *Brayman v. Allstate Ins. Co.*, 212 Ga. App. 96 (1) (441 SE2d 285) (1994), we construed a similar definition of "bodily injury" and denied coverage to the insured because the underlying litigation alleged only mental pain and anguish. "Used in an insurance policy, the term 'bodily injury' means just that — 'bodily injury.' It pertains to physical injury to the body. It does not include non-physical, emotional or mental harm. And it cannot be equated with a broader term 'personal injury.' " (Citations and punctuation omitted.) Id. at 96-97. See also *Presidential Hotel v. Canal Ins. Co.*, 188 Ga. App. 609, 611 (373 SE2d 671) (1988).

In the present case, Counts 1 through 4 and 8 of Baker's underlying complaint against Bates allege only non-physical injuries and seek damages for purely mental harm. Under Counts 1, 2 and 3, dealing with negligence and gross negligence, Baker's complaint alleges "immediate and delayed harm for mental anguish, embarrassment, and hurt feelings" as a direct and proximate result of Bates' actions. Likewise, Count 4, asserting simple assault, alleges that Baker was frightened and in apprehension of receiving a violent injury, and Count 8, asserting intentional infliction of emotional distress, alleges strictly non-physical damages.

Thus, Baker's alleged injuries in these counts are not bodily injuries covered by the policy. In addition, Baker's alleged injuries in these counts are not covered "personal injuries" because they do not arise from one of the specifically enumerated torts in the policy.

However, the remaining counts of Baker's underlying complaint are sufficient under Code pleading requirements to allege physical injuries incurred as a result of Bates' tortious conduct, including his intentional shoving of Baker. See, e.g., *Gonzalez v. Zant*, 199 Ga. App. 13 (403 SE2d 880) (1991). Counts 5, 6 and 7, dealing with aggravated assault, simple battery and battery, merely allege that Baker "has been damaged as a result of" Bates' tortious actions, including an intentional shoving by Bates "upon his person." These counts, which allege shoving and damage, can be liberally construed as alleging physical injury. Since there is no evidence in the record contradicting Baker's allegations of physical injuries, we must determine whether the claims alleged in Counts 5, 6 and 7 are otherwise excluded by the

policy.

2. Having concluded that Counts 5, 6 and 7 of Baker's underlying complaint assert a claim for bodily injury, we must determine whether the claims are excluded because they allege intentional acts or whether they are excepted from the exclusion because Bates was using reasonable force to protect himself or store property. Although it is clear that Baker's assertions of aggravated assault, simple battery and battery all include the element of intent (see OCGA §§ 16-5-21; 16-5-23; 16-5-23.1), Bates contends the exclusion for intentional acts does not apply because (1) he did not intend to injure Baker, and (2) he was acting in self-defense. We disagree.

The policy, which excludes "[b]odily injury . . . expected or intended from the standpoint of the insured[,]" clearly contemplates a subjective test as to the insured's intention. Accordingly, without specific intent to injure, there will be coverage. See *Southern Guaranty Ins. Co. &c. v. Saxon*, 190 Ga. App. 652, 653 (379 SE2d 577) (1989). However, Baker's underlying complaint specifically states that Bates intended to injure Baker. It is well established that the allegations of the complaint filed by Baker provide the basis for determining whether liability exists under the terms of the insurance policy. *Great American Ins. Co. v. McKemie*, 244 Ga. 84 (259 SE2d 39) (1979); *Brayman*, supra. As in *Brayman*, "because [Baker] alleges that the acts and resulting harm were intentional, we cannot say that any alleged bodily injury [he] may have suffered was unintended or the result of an accident. Accordingly, the trial court properly granted summary judgment to [Guaranty National]." *Hain v. Allstate Ins. Co.*, 221 Ga. App. 486, 487 (471 SE2d 521) (1996).

Since Guaranty National met its burden of showing the existence of the exclusion, based on the allegations in Baker's underlying tort action, the burden shifted to Bates to dispute these allegations of intentional acts. Contrary to Bates' argument, there is no evidence in the record indicating that Bates did *not* intend to injure Baker and thus creating a material issue of fact on this issue. According to the record, Bates admitted that physical contact between him and Baker occurred. Moreover, in his appellate brief and at oral argument on the motion for summary judgment, Bates admitted brandishing a handgun and "reaching out his hand contacting and shoving Mr. Baker backward with the intent to cause physical contact."[1]

Although the foregoing admissions may be used against Bates, he cannot use arguments in his appellate brief and from the summary judgment hearing to establish that he did not intend to injure

---

[1] Not only are these facts undisputed, but these statements constitute admissions by Bates' attorney, which may be used against Bates. *Gregory v. Star Enterprises*, 122 Ga. App. 12 (1) (176 SE2d 241) (1970); *NAACP v. Pye*, 96 Ga. App. 685, 686 (101 SE2d 609) (1957).

Baker. *Barrett v. Commercial Union Ins. Co.*, 188 Ga. App. 353, 355 (373 SE2d 59) (1988). "The appellate courts simply cannot, and are not authorized by law, to infer from statements of counsel in their briefs, facts which never managed an introduction into or even a nodding acquaintance with the record. [Cit.]" *Morris v. Hodge*, 152 Ga. App. 815, 816 (264 SE2d 482) (1979). Furthermore, we can locate no evidence in the record, and Bates has pointed to no evidence, supporting this assertion. "It is well-settled that an appellate court will not cull the record in search of error on behalf of one of the parties. [Cits.]" *Saffar v. Chrysler First &c.*, 215 Ga. App. 239, 240 (1) (450 SE2d 267) (1994). Because the evidence shows that Bates' shoving of Baker was intentional, as alleged in Baker's underlying tort action, we must determine whether Baker's claims fall outside the intentional acts exclusion because Bates used reasonable force to protect persons or property.

Bates has not cited any evidence of record showing he used reasonable force and acted in self-defense. Once again, while Bates claimed in his appellate brief and at the summary judgment hearing that he "believed that Mr. Baker had returned to his car in order to obtain a weapon" and that he acted in self-defense and in defense of the store, those assertions are not supported by the record. "We may not rely on these assertions contained in the briefs of the parties but must look to the record . . . to determine if there is harmful error." (Citations and punctuation omitted.) *Barrett*, supra at 355. Thus, the statements of Bates' attorney supporting his argument of self-defense fail under OCGA § 9-11-56 (e) to create a question of fact. *Morris*, supra.

"When a motion for summary judgment is submitted and supported by evidence, the adverse party may not rest his case as made, but must set forth specific facts and present his case in full in order to show there is a genuine issue for trial. The burden of proof is shifted when the moving party makes a prima facie showing that it is entitled to judgment as a matter of law. At that time the opposing party must come forward with rebuttal evidence or suffer judgment against him. If . . . the defendant fails to respond with specific facts showing a genuine issue for trial, summary judgment is properly granted." (Citations, punctuation and emphasis omitted.) *Ga. Farm Bureau Mut. Ins. Co. v. Lane*, 219 Ga. App. 736, 737-738 (466 SE2d 272) (1995). There being no showing of a genuine issue of material fact for trial, the trial court did not err in granting Guaranty National's motion for summary judgment.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 27, 1996.

Monte K. Davis, for appellant.

Webb, Carlock, Copeland, Semler & Stair, Leslie B. Zacks, Dennis G. Lovell, Jr., J. Arthur Lee, Jr., for appellee.