## A96A1860. PENN-AMERICA INSURANCE COMPANY v. DISABLED AMERICAN VETERANS, INC. et al.
### (481 SE2d 850)

JOHNSON, Judge.

Disabled American Veterans, Inc. ("DAV") owned a facility which was covered under a liability insurance policy issued by Penn-America Insurance Company. When Lois Farley slipped and fell on the premises, she and her husband sued DAV, Robert Lee (the post's commander), and McCrary-Adams, Chapter 9, DAV ("McCrary-Adams"). Although the insurance agreement provided that Penn-America would defend DAV, Lee and McCrary-Adams in actions filed against them, Penn-America refused to defend the Farley lawsuit. Farley subsequently dismissed the action against DAV, but not against Lee or McCrary-Adams. Lee and McCrary-Adams moved for summary judgment based on the grounds that: (1) Farley's exclusive remedy was to file a workers' compensation claim; (2) she failed to exercise ordinary care for her own safety; and (3) there was no negligence on Lee's part. The trial court granted summary judgment to Lee and McCrary-Adams without specifying its reason(s) therefor. DAV, Lee and McCrary-Adams then sued Penn-America for refusing to defend them in the Farley action. Penn-America moved for summary judgment, claiming that it had no duty to defend the suit because Farley was injured in the course of her employment, and the policy specifically excludes insurance coverage for bodily injuries to employees arising out of employment. DAV filed a cross-motion for summary judgment, arguing that Penn-America was obligated under the contract to defend the suit filed against DAV, McCrary-Adams and Lee (hereinafter collectively referred to as "the insureds") because the complaint asserted a claim covered by the policy. The trial court granted the insureds' cross-motion and denied Penn-America's motion for summary judgment. Penn-America appeals from the grant of the insureds' cross-motion.

The insurance contract states that Penn-America "will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury . . . arising out

of the use of the premises . . . and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury . . . even if any of the allegations of the suit are groundless, false or fraudulent. . . ." The policy also provides that "[t]his insurance does not apply: (i) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured for which the insured may be held liable as an employer."

Whether an insurer is obligated to defend an action against its insured "is determined by the contract; and since the contract obligates the insurer to defend claims asserting liability under the policy; even if groundless, the allegations of the complaint are looked to to determine whether a liability covered by the policy *is asserted*. Thus, the issue . . . is not whether [the insured] is *actually liable* to the [plaintiffs] . . .; the issue is whether a claim has been asserted which falls within the policy coverage and which [the insurer] has a duty to defend." (Punctuation omitted; emphasis in original.) *St. Paul Fire &c. Co. v. Mitchell*, 164 Ga. App. 215, 216 (1) (296 SE2d 126) (1982); compare *Al Who Enterprises v. Capitol Indem. Corp.*, 217 Ga. App. 423, 426 (1) (457 SE2d 696) (1995). The Farleys' complaint alleges that Lois Farley slipped and fell at DAV's establishment, that DAV was negligent by not providing a clear, dry and accessible walkway around the counter and waitress station, and that this negligence was the cause of the plaintiffs' injuries. Nowhere in the complaint is it alleged that Farley was injured in the course of her employment. Inasmuch as the policy provides that Penn-America will pay for bodily injuries arising out of the use of the premises and that it will defend any suit against the insureds for bodily injuries, and the allegations of the complaint show it to be a personal injury action against the insureds for an injury occurring on the insureds' premises, the allegations clearly assert a claim which falls within the policy coverage and which Penn-America was obligated to defend. See *St. Paul Fire &c. Co.*, supra at 216 (1).

Contrary to Penn-America's argument, the fact that the trial court in the Farley action granted summary judgment to the insureds does not require a different result. Although Penn-America claims the Farley court granted summary judgment to the insureds based on its finding that Farley was an employee, the order is silent as to which of the three grounds was the basis for the trial court's decision.

However, even if the court in the earlier action did find that Farley was injured in the course of employment and that action was therefore precluded by the exclusive remedy provision of the workers' compensation statute, Penn-America still had a duty to defend the action before the insureds received the favorable ruling. Indeed, it

was Penn-America's duty to seek that favorable decision on its insureds' behalf.

We do not look to the outcome of an earlier action to determine if the insurer had a duty to defend. In Georgia, "an insurer's duty to pay and its duty to defend are separate and independent obligations. [Cits.]" *Capital Ford &c. v. U. S. Fire Ins. Co.*, 180 Ga. App. 413, 416 (349 SE2d 201) (1986), rev'd on other grounds, 257 Ga. 77 (355 SE2d 428) (1987). The issue of the insureds' *ultimate* liability to the Farleys for their injuries is irrelevant to the question of whether the insurer was obligated to defend the insureds in the tort action. See *Crook v. Ga. Farm Bureau &c. Ins. Co.*, 207 Ga. App. 614 (428 SE2d 802) (1993). The question is not whether the underlying action has merit, but whether the complaint alleges a claim that is covered by the policy. See *Cantrell v. Allstate Ins. Co.*, 202 Ga. App. 859, 860 (415 SE2d 711) (1992); *St. Paul Fire &c. Co.*, supra. If the facts as alleged in the complaint bring the occurrence even arguably within the policy's coverage, the insurer has a duty to defend the action, regardless of whether liability is ultimately established. See *Capital Ford &c.*, supra at 416. Because the complaint in the Farley action does allege a claim which would be within the policy coverage, the trial court did not err in granting the insureds' motion for summary judgment. See *Aetna Cas. &c. Co. v. Empire Fire &c. Ins. Co.*, 212 Ga. App. 642, 644 (1) (c) (442 SE2d 778) (1994).

Penn-America relies upon *State Farm &c. Ins. Co. v. Keene*, 111 Ga. App. 480, 482 (142 SE2d 90) (1965), for the court's holding that the ultimate test for determining whether the insurer has a duty to defend is whether the claim asserted actually falls within the coverage of the policy. The claim *as asserted* in this case does fall within the coverage of the policy. We cannot agree, however, with Penn-America's argument that *Keene* requires that we look beyond the complaint and policy language to extrinsic facts in order to determine whether a duty to defend exists. Subsequent state appellate decisions citing *Keene* have not interpreted it as Penn-America suggests. For example, *Associated Petroleum Carriers v. Pan American Fire &c. Co.*, 117 Ga. App. 714, 716 (161 SE2d 411) (1968), which cites *Keene*, holds that the insurer is obligated to defend a suit both when the true facts are within the coverage of the policy, and also when the complaint alleges facts within the policy's coverage. *Great American Ins. Co. v. McKemie*, 244 Ga. 84, 86 (259 SE2d 39) (1979), also cites *Keene*. In *Great American Ins. Co.*, even though additional facts were revealed during the course of litigation which had a bearing on whether the insurer had a duty to defend, the Supreme Court held that the allegations of the complaint are looked to "to determine whether a liability covered by the policy *is asserted.*" (Citation and punctuation omitted; emphasis in original.) Id. at 85-86. The Court

concluded that the insurer justifiably refused to defend *based upon the complaint* it received. The trial court in the instant case did not err in finding that Penn-America was obligated to defend the insureds in the Farley action.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 11, 1997 — 

Swift, Currie, McGhee & Hiers, Jonathan M. Engram, Dennis A. Brown, for appellant.

Mullis, Marshall, Lindley & Powell, Julius A. Powell, Jr., Miguel A. Garcia, Jr., for appellees.