## A97A1969. STORCH v. CAMBRIDGE MUTUAL FIRE INSURANCE COMPANY.
(497 SE2d 606)

POPE, Presiding Judge.

Allen Weaver was injured working on a house that plaintiff Jack Storch was building. Subsequently, Weaver filed a workers' compensation claim against Storch. Storch, who had a homeowner's insurance policy for the house with defendant Cambridge Mutual Fire Insurance Company that was in effect on the date of Weaver's injury, notified Cambridge of Weaver's claim. In doing so, Storch also demanded that Cambridge provide a defense to the claim. After first sending Storch a reservation of rights letter, Cambridge concluded that it had no duty to defend Storch against Weaver's claim under the homeowner's policy. Consequently, it denied Storch's demand to provide a defense. When Storch successfully defended Weaver's claim on his own, Cambridge also refused to reimburse Storch for the

expenses he incurred in doing so.

Based on Cambridge's refusal to defend Storch or reimburse him for his own defense, Storch brought suit against Cambridge seeking to recover the expenses he incurred, statutory bad faith penalties, litigation expenses, attorney fees and punitive damages. Cambridge answered, generally denying liability. Thereafter, Cambridge filed a motion for summary judgment in which it argued that it was not liable because it had no duty to defend Storch against a workers' compensation claim. In response, Storch filed a cross-motion for summary judgment, claiming that the policy required Cambridge to provide Storch with a defense. Storch appeals from the trial court's grant of Cambridge's motion and from the denial of his own motion. Finding no error, we affirm.

1. "COVERAGE E" of the "LIABILITY COVERAGES" section of Storch's homeowner's policy, which relates to personal liability, states in pertinent part as follows: "If a claim is made or a suit is brought against an *insured* for damages because of *bodily injury* or *property damage* caused by an *occurrence* to which this coverage applies, we will . . . provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent." (Emphasis in original.) Based on the above provision, in his first enumeration, Storch argues that the trial court erred in granting summary judgment to Cambridge because Weaver's workers' compensation claim constituted a false and groundless claim covered under the policy, as demonstrated by the State Board of Workers' Compensation's ruling that Storch was not required by law to provide workers' compensation benefits to Weaver and that he had not voluntarily agreed to do so. We cannot agree.

While "[i]t is true that an insurer must defend even a groundless suit when the true facts of the case show no coverage[,] a distinction must be drawn between groundless suits and actions which, even if successful would not be within the policy coverage. A claim based on *true* facts not within coverage is not groundless [or false] within the meaning of the policy, but simply one for which liability insurance is not afforded and which the insurer did not undertake to defend. . . ." (Citations and punctuation omitted; emphasis in original.) *Great American Ins. Co. v. McKemie*, 244 Ga. 84, 85 (259 SE2d 39) (1979). And the question of whether an insurer has a duty to defend is determined by comparing the true allegations of the complaint brought against the insured with the provisions of the policy, taking into consideration any additional facts the insured has brought to the attention of the insurer that might establish coverage under the policy. See *Colonial Oil Indus. v. Underwriters Subscribing to Policy Nos. TO31504670 & TO31504671*, 268 Ga. 561, 562-563 (2) (491 SE2d 337) (1997); *Al Who Enterprises v. Capitol Indem. Corp.*,

217 Ga. App. 423, 426 (1) (457 SE2d 696) (1995).

Applying the above principles to the case at bar, we note that no matter how the true facts found in Weaver's workers' compensation complaint against Storch, as well as any facts brought to Cambridge's attention by Storch, are construed, they ultimately set forth only a claim for workers' compensation benefits and not a civil claim for damages based on personal liability. And while it is true that the State Board of Workers' Compensation ultimately determined that Storch was not required to pay any workers' compensation benefits to Weaver, we note that "[t]he issue of the insured['s] *ultimate* liability [in an action] is irrelevant to the question of whether the insurer was obligated to [provide a defense in that] action. The question is not whether the underlying action has merit, but whether the complaint alleges a claim that is covered by the policy." (Citations omitted; emphasis in original.) *Penn-America Ins. Co. v. Disabled American Veterans,* 224 Ga. App. 557, 559 (481 SE2d 850) (1997).

In the instant case, Weaver's workers' compensation claim clearly constituted an action, "which, even if successful would not be within the policy coverage." See *McKemie,* 244 Ga. at 85; *Penn-America Ins. Co. v. Disabled American Veterans,* 268 Ga. 564, 566 (490 SE2d 374) (1997). This is so because the policy specifically excluded from coverage personal liability that might arise out of any duty to provide workers' compensation benefits to a third party. Consequently, Weaver's workers' compensation complaint could not and did not "allege[ ] a claim that [was] covered by the policy." *Penn-America,* 224 Ga. App. at 559. Under such circumstances, we conclude that Cambridge had no duty to defend Storch in the workers' compensation action, and that the trial court did not err in granting summary judgment to Cambridge for that reason.

2. In light of our holding in Division 1, we find no merit to Storch's second enumeration, wherein he contends that the trial court erred in denying his motion for summary judgment.

*Judgments affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 3, 1998.

*Gray & Hedrick, William E. Gray II, L. Bruce Hedrick, Julia J. Yoffee,* for appellant.

*Chambers, Mabry, McClelland & Brooks, Edwin L. Hamilton, William R. Youngblood,* for appellee.