[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11668
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cv-00254-WTM-GRS


PROGRESSIVE MOUNTAIN INSURANCE
COMPANY,

Plaintiff - Appellee,

versus

MADD TRANSPORTATION, LLC,
IPSCO KOPPEL TUBULARS, LLC,

Defendants - Appellants,

VICKIE ROBINSON,
a.k.a. Vickie Robinson, as
guardian of Ted Owens, et al.,

Defendants.


_____

Appeals from the United States District Court
for the Southern District of Georgia
_____

(December 8, 2015)

Before ED CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Madd Transportation, LLC and IPSCO Koppel Tubulars, LLC appeal the district court's grant of summary judgment in favor of Progressive Mountain Insurance Company.

Madd is an interstate trucking company based in Georgia.  One of its drivers was seriously injured in May 2012 at IPSCO's Pennsylvania facility while securing a load of pipes on his truck.  About a year later, the driver's legal guardian filed a lawsuit in Pennsylvania state court raising claims against IPSCO for negligence.[1] IPSCO joined Madd as a third-party defendant, claiming that Madd negligently trained and supervised its driver and was therefore liable (either solely or jointly and severally).  Madd notified Progressive of the lawsuit, asserting that its commercial auto insurance policy required Progressive to defend it.

Progressive filed a declaratory judgment action in the district court, contending that it had no duty to defend or indemnify Madd under the policy. Progressive asserted that the policy's "employee exclusion" — which provides that its coverage (including the duty to defend) does not apply to bodily injury to Madd's "employees" — relieved it from defending or indemnifying Madd.  Madd

_____

[1] Vickie Robinson, the driver's legal guardian, has not made an appearance in this declaratory judgment action and is currently in default.

2

and IPSCO asserted that the employee exclusion was inapplicable because the driver was an independent contractor, not an employee (or, at the very least, that the question of his employment status should be resolved in the Pennsylvania state court lawsuit).[2]  The policy does not define the term "employee."

The district court found that Progressive did not have a duty to defend or indemnify Madd under the policy.  It noted that Madd is an interstate motor carrier subject to federal motor carrier regulations and that the policy was drafted in accordance with those regulations.[3]  Under those regulations, the term "employee" includes "an independent contractor in the course of operating a commercial motor vehicle."  49 C.F.R. § 390.5 (2015).  Applying that definition to the policy, the court found that even if the driver was an independent contractor, he was still an "employee" under the employee exclusion.  The court therefore granted summary judgment to Progressive.  This is Madd and IPSCO's appeal.

We review de novo a district court's grant of summary judgment.  DeLong Equip. Co. v. Wash. Mills Abrasive Co., 887 F.2d 1499, 1505 (11th Cir. 1989).  "Summary judgment is appropriate only if the pleadings and evidence in the record

---

[2] The parties raised several other arguments in the district court concerning whether the policy's terms relieve Progressive from its obligations, but on appeal they focus on the employee exclusion.

[3] The federal motor carrier regulations are "applicable to all employers, employees, and commercial motor vehicles, which transport property or passengers in interstate commerce."  49 C.F.R. § 390.3(a) (2013).

demonstrate that there is no genuine issue of material fact as to any issue and that the moving party is entitled to judgment as a matter of law." Id.

The parties agree that Georgia law applies to this case. Under Georgia law, "contracts of insurance are interpreted by ordinary rules of contract construction." Lavoi Corp. v. Nat'l Fire Ins. of Hartford, 666 S.E.2d 387, 391 (Ga. Ct. App. 2008). "If the facts as alleged in the complaint even arguably bring the occurrence within the policy's coverage, the insurer has a duty to defend the action." Hoover v. Maxim Indem. Co., 730 S.E.2d 413, 418 (Ga. 2012) (quotation marks omitted). IPSCO alleged in its complaint that the driver was an independent contractor. Whether that complaint requires Progressive to defend Madd in the Pennsylvania lawsuit depends on whether independent contractors qualify as "employees" under the policy's employee exclusion.[4]

_____

[4] IPSCO contends that we should dismiss the case for lack of subject matter jurisdiction because the issue of whether Progressive must indemnify Madd is not ripe for adjudication until Madd is held liable (if at all) in the Pennsylvania lawsuit. However, Progressive asserts that it does not have a duty to defend Madd, and the issue of the insured's "ultimate liability . . . is irrelevant to the question of whether the insurer [is] obligated to defend the insured[] in [a] tort action." Penn-America Ins. Co. v. Disabled Am. Veterans, Inc., 481 S.E.2d 850, 852 (Ga. Ct. App. 1997); cf. Edwards v. Sharkey, 747 F.2d 684, 686–87 (11th Cir. 1984) ("[A] case or controversy exists to support declaratory relief between an injured third party and an insurance company even in the absence of a judgment in favor of the third party against the insured."). And if the policy's employee exclusion applies, it relieves Progressive of all of its obligations under the policy. Alternatively, IPSCO contends that we should stay the case until the outcome of the Pennsylvania lawsuit. It argues that deciding whether the driver was an "employee" under the employee exclusion creates the risk of inconsistent judgments. That argument is meritless because our decision has no bearing on whether the driver was an independent contractor under Pennsylvania law.

4

Although the policy itself does not define "employee," it is subject to federal motor carrier regulations that do define that term. See 49 C.F.R. § 387.7(a) (2009) (stating that no motor carrier shall operate a vehicle until it has obtained the required level of insurance). In particular, the policy includes the federally mandated "MCS–90 Endorsement." See 49 C.F.R. §§ 387.1–387.15 (2014). We must construe the policy's "terms and conditions . . . as amplified, extended, or modified" by that endorsement. Ga. Code § 33-24-16; see also Aequicap Ins. Co. v. Canal Ins. Co, 693 S.E.2d 863, 866–68 (Ga. Ct. App. 2010) (using federal motor carrier regulations and an MCS–90 endorsement to interpret an insurance policy).

The endorsement provides that the policy's insurance "does not apply to injury to or death of the insured's employees while engaged in the course of their employment" (emphasis added). Under the regulations that govern the endorsement, "employee" includes "an independent contractor while in the course of operating a commercial motor vehicle." 49 C.F.R. § 390.5 (2015).[5] Not only does that definition of "employee" modify the policy's employee exclusion, see Ga. Code § 33-24-16, but there is also no indication that the term "employee" is

---

[5] The driver was attempting to secure a load of pipes on the truck when the accident took place. As the district court noted, IPSCO and Madd did not raise the issue of whether the driver was actually "operating" the vehicle within the meaning of § 390.5 since he was not driving it when the accident occurred. The district court therefore declined to reach that issue, as do we. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.") (quotation marks omitted).

5

used differently in the endorsement than in the employee exclusion. Section 390.5's definition of "employee" therefore supplies the definition of that term in the employee exclusion. See Lavoi Corp., 666 S.E.2d at 391 (stating that contracts should be construed so that "each provision is . . . given effect and interpreted so as to harmonize with the others."). And because the employee exclusion applies, Progressive is relieved from its obligations. See Consumers Cty. Mut. Ins. Co. v. P.W. & Sons Trucking, Inc., 397 F.3d 362, 364–66 (5th Cir. 2002) (concluding that the definition of "employee" in § 390.5 supplied the meaning of the term "employee" for an insurance policy's employee exclusion, thereby relieving the insurer of the duty to defend).

**AFFIRMED.**