## 56868. McKEMIE v. GREAT AMERICAN INSURANCE COMPANY.

SMITH, Judge.

McKemie, a landlord, was covered under a landlord's liability policy issued by Great American Insurance Co. when a damage suit was instituted against McKemie by certain tenants. Great American refused to defend, and following termination of the lawsuit in McKemie's favor this action was brought against the insurer, seeking

damages for wrongful refusal to defend, in breach of the insurance contract. McKemie moved for summary judgment, supporting the motion by attaching the complaint from the previous lawsuit. Great American countermoved for summary judgment on the basis of the same evidence. Judgment was denied for McKemie and granted for Great American. McKemie appeals, contending the result should have been the opposite; we agree in part, finding the evidence before the court did not warrant a summary judgment for either party. The judgment is reversed.

1. Under the contract, Great American obligated itself to "defend any suit against the insured seeking damages on account of . . . bodily injury or property damage" which was "caused by an occurrence" and which arose "out of the ownership, maintenance or use of the insured premises." McKemie contends the complaint itself showed the suit to be within the coverages and, in addition, the coverage was unquestionably mandated by the later-revealed facts of the lawsuit.

The complaint alone was not enough to require Great American to defend. The complaint is based generally on allegations of the landlord's failure to repair and maintain the leased premises. It requests breach-of-contract damages; it contends the house was rented in violation of local housing codes; and it even includes a count charging the landlord with propagating a public and private nuisance. But what the complaint *does not* allege, and cannot be fairly construed to allege, is any personal or property damage resulting from any occurrence.

2. The later-revealed facts may or may not be such as to require Great American to defend; whether they are is itself a question of fact, and that question is not answerable on the basis of the evidence presented here. Thus, the grant of summary judgment was not proper.

The appellant correctly asserts that the insurer's responsibility to defend is not determined solely and exclusively by looking to the complaint. The facts of a case may be such as to require the insurer to defend even though the complaint stated facts or claims which seem to place the incident within an exception to or outside the

coverage of the insurance contract. *Loftin v. U.S. Fire Ins. Co.,* 106 Ga. App. 287 (127 SE2d 53) (1962); *State Farm Mut. Auto. Ins. Co. v. Keene,* 111 Ga. App. 480 (142 SE2d 90) (1965). The evidence before the court contained a deposition which tended to indicate the presence of facts which would bring this case within the coverage of the policy. However, the deposition is no more than ambiguous: construed strongly against Great American, which we must do if it is to support Great American's motion for summary judgment, the deposition does not indicate that there definitely *were not* facts which would bring the suit within the policy coverage; construed strongly against McKemie, the deposition does not indicate that there definitely *were* such facts. Thus, on this evidence, neither party was entitled to summary judgment.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

SUBMITTED NOVEMBER 13, 1978 — DECIDED JANUARY 18, 1979 — REHEARING DENIED FEBRUARY 9, 1979 —

*Hayes & Hammack, Arnold Hammack,* for appellant.

*Perry, Walters, Lippitt & Custer, Jesse W. Walters,* for appellee.