## 34838. GREAT AMERICAN INSURANCE COMPANY v. McKEMIE.

BOWLES, Justice.

We granted certiorari to review the decision of the Court of Appeals in *McKemie v. Great American Ins. Co.,* 149 Ga. App. 19 (253 SE2d 399) (1979). We find that the Court of Appeals erred in reversing the trial court's grant of summary judgment in favor of Great American.

McKemie, respondent in certiorari, brought a damage suit against Great American, applicant in certiorari, claiming that it had wrongfully refused to defend her in a prior civil action. Great American had issued a landlord-tenant liability policy to landlord McKemie which covered damages for bodily injury or property damage caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises. Great American also assumed the duty to "defend any suit against the insured seeking damages on account of such bodily injury or property damage."

Two tenants sued McKemie. McKemie called upon Great American to defend and it refused. The essence of Great American's position is that the suit against McKemie was one alleging a failure to provide an adequate and lawful rental dwelling[1] and that no damages were sought on account of bodily injury or property damage. The trial court granted summary judgment in favor of Great American.

The Court of Appeals reversed stating that although the tenants' complaint did not allege any personal or property damage resulting from any occurrence and therefore the complaint alone was not enough to require

---

[1]Nuisance, housing code violations, etc.

Great American to defend, "later-revealed facts"[2] may have required Great American to defend.

We hold that the correctness of an insurer's decision to defend or not cannot be determined by "later-revealed facts" of which the insurer has no knowledge or notice. Under the later-revealed facts doctrine, even if an insurer justifiably refused to defend a case based on the information it had at the outset, it would have to monitor the case throughout to be sure that its duty did not arise later. Such a burden would be intolerable.

The cases of *Loftin v. U. S. Fire Ins. Co.,* 106 Ga. App. 287 (127 SE2d 53) (1962) and *State Farm Mut. Auto Ins. Co. v. Keene,* 111 Ga. App. 480 (142 SE2d 90) (1965) cited by the Court of Appeals do not support the holding below. It is true that an insurer must defend even a groundless suit when the true facts of the case show no coverage. See examples in *Loftin v. U. S. Fire Ins. Co.,* supra, 106 Ga. App. at 291. " 'But a distinction must be drawn between groundless suits and actions which, even if successful would not be within the policy coverage.' [Cit.] A claim based on *true* facts not within coverage is not groundless within the meaning of the policy, but simply one for which liability insurance is not afforded and which the insurer did not undertake to defend (though the insured may be liable)." Id.[3] "The true rule is that the duty to defend is determined by the contract; and since the contract obligates the insurer to defend claims asserting liability under the policy; even if groundless, the allegations of the complaint are looked to to determine whether a liability

---

[2] A tenant's deposition in the prior case.

[3] This holding places the case at bar in a category with *Morgan v. New York Cas. Co.,* 54 Ga. App. 620 (188 SE 581) (1936), distinguished in *Loftin.* There, as here, the allegations of the complaint were not shown to be in conflict with the true facts and the complaint showed on its face that the injuries were not covered by the policy. In such cases, judgment as a matter of law is appropriate. (The tenant's deposition in the case at bar revealed *additional* facts which might have presented a question of personal injury at trial.)

covered by the policy *is asserted.*" Id. at 294 (Emphasis supplied.)[4]

In the case at bar, Great American did not insure against housing code violations, nuisance, or any breach of a landlord's contractual duties to his tenant. Had the tenants won their suit and recovered the damages they asked (rent previously paid, damages for nuisance, damages for constructive eviction, etc.), Great American would not have had to pay the claim. No liability covered by the policy was asserted.

Consequently, Great American justifiably refused to defend based upon the complaint it was sent. If McKemie felt that facts later revealed in a deposition brought the case within the coverage of the policy, she was under a duty to send this information to Great American and again call upon it to defend.[5] The record does not indicate that this was done.

*Judgment reversed. All the Justices concur.*

SUBMITTED JUNE 11, 1979 — DECIDED SEPTEMBER 5, 1979.

*Perry, Walters, Lippitt & Custer, Jesse W. Walters,* for appellant.

*Arnold Hammack,* for appellee.

---

[4]These holdings were reaffirmed in *State Farm Mut. Auto Ins. Co. v. Keene,* supra.

[5]Note that in *Loftin* the insurance company was notified of facts bringing the case within the coverage of the policy and yet the insurer still refused to defend.