S97G0843. PENN-AMERICA INSURANCE COMPANY v.
DISABLED AMERICAN VETERANS, INC. et al.
(490 SE2d 374)

CARLEY, Justice.

Penn-America Insurance Company (Penn-America) issued a liability policy covering Disabled American Veterans, Inc. (DAV), Robert Lee, and McCrary-Adams, Chapter 9, DAV (Insureds). The policy excludes from coverage any liability for bodily injury to Insureds' employees arising out of and in the course of employment. Lois Farley and her husband brought a tort action against Insureds, seeking damages for injuries sustained by Ms. Farley on DAV's premises. Penn-America refused to defend Insureds against the Farleys' suit. After the Farleys dismissed their action as against DAV, Lee and McCrary-Adams moved for summary judgment on alternative grounds. One of those grounds was the exclusive remedy provision of the workers' compensation law. See OCGA § 34-9-11. The trial court granted summary judgment in favor of Insureds on the Farleys' tort claims, without specifying its reason or reasons therefor.

Insureds then brought suit against Penn-America, alleging that the refusal to defend them against the Farleys' action was a breach of the insurance contract. On cross-motions for summary judgment, the trial court granted summary judgment in favor of Insureds on their breach of contract claim. The Court of Appeals affirmed. *Penn-America Ins. Co. v. Disabled American Veterans, Inc.*, 224 Ga. App. 557 (481 SE2d 850) (1997). We granted certiorari to consider whether the Court of Appeals correctly ruled that, under the terms of the insurance contract, Penn-America was obligated to defend against the Farleys' suit, even though Ms. Farley was injured in the course of her employment, and in ruling that the allegations set forth in the Farleys' complaint would dictate whether the claim fell within the scope of the insurance contract. Because we hold that those allegations required Penn-America to defend against the Farleys' suit, we affirm the judgment of the Court of Appeals.

The insurance contract includes the standard provision that the insurer will defend even groundless, false or fraudulent suits. Thus, the insurer has a duty to defend even where the complaint against the insured sets forth false factual allegations which would bring the claim within the coverage of the policy. *Great American Ins. Co. v.*

*McKemie*, 244 Ga. 84, 85 (259 SE2d 39) (1979); *Loftin v. U. S. Fire Ins. Co.*, 106 Ga. App. 287, 290 (127 SE2d 53) (1962). As the Court of Appeals here pointed out, "an insurer's duty to pay and its duty to defend are separate and independent obligations. [Cits.]" *Capital Ford Truck Sales v. U. S. Fire Ins. Co.*, 180 Ga. App. 413, 416 (349 SE2d 201) (1986), rev'd on other grounds, 257 Ga. 77 (355 SE2d 428) (1987).

> "The true rule is that the duty to defend is determined by the contract; and since the contract obligates the insurer to defend claims asserting liability under the policy; even if groundless, the allegations of the complaint [against the insured] are looked to to determine whether a liability covered by the policy *is asserted*." [Cit.]

(Emphasis in original.) *Great American Ins. Co. v. McKemie*, supra at 85-86. See also *St. Paul Fire &c. Ins. Co. v. Mitchell*, 164 Ga. App. 215, 216 (1) (296 SE2d 126) (1982); *Loftin v. U. S. Fire Ins. Co.*, supra at 294. Thus, it is only where the complaint sets forth true factual allegations showing no coverage that the suit is one for which liability insurance coverage is not afforded and for which the insurer need not provide a defense. *Great American Ins. Co. v. McKemie*, supra at 85; *Loftin v. U. S. Fire Ins. Co.*, supra at 291.

Indeed, the insurer may have an obligation to defend even when the complaint against the insured falsely indicates non-coverage. *Loftin v. U. S. Fire Ins. Co.*, supra at 294, 297. In that rare class of cases, courts should look to whether the true facts showing coverage are known or ascertainable to the insurer. If the true facts are known or ascertainable to the insurer at the outset, then the insurer is obligated to defend the suit, just as if the complaint against the insured falsely alleged coverage. *Loftin v. U. S. Fire Ins. Co.*, supra at 296. See also *Colonial Oil Indus. v. Underwriters Subscribing to Policy Nos. TO31504670 & TO31504671*, 268 Ga. 561 (2) (491 SE2d 337) (1997); *Associated Petro. Carriers, v. Pan American Fire &c. Co.*, 117 Ga. App. 714, 716 (161 SE2d 411) (1968); 7C Appleman, Insurance Law and Practice, p. 56, § 4683.

Similarly, the insurer is obligated to defend where, as here, the allegations of the complaint against the insured are ambiguous or incomplete with respect to the issue of insurance coverage.

> To excuse the duty to defend the petition must unambiguously exclude coverage under the policy . . . , and thus, the duty to defend exists if the claim potentially comes within the policy. Where the claim is one of potential coverage,

doubt as to liability and insurer's duty to defend should be resolved in favor of the insured.

7C Appleman, pp. 98-100, § 4684.01. See also 46 CJS 563-564, Insurance, § 1150; 44 AmJur2d 355, Insurance, § 1411. The Farleys' action against Insureds sought to impose liability in tort, not to recover workers' compensation. Thus, their action was not one " ' "which, even if successful[,] would not be within the policy coverage." (Cit.)' " *Great American Ins. Co. v. McKemie*, supra at 85. See also *Loftin v. U. S. Fire Ins. Co.*, supra at 291; 7C Appleman, p. 72, § 4684. To the contrary, if that tort action had been successful, it clearly would have been within the policy coverage. Thus, the Farleys' complaint showed "potential" or "arguable" coverage and, therefore, Penn-America had a duty to defend. See *USF&G v. Nat. Paving &c. Co.*, 178 A2d 872, 879 (Md. 1962). The exclusivity of workers' compensation as the Farleys' remedy would be a defense to their tort action and, under the terms of the policy, Penn-America was obligated to present that defense on behalf of the Insureds. "[T]he insurer may be obligated to defend, even though it was not ultimately liable for any judgment because of the claimant's coverage under a compensation law." 7C Appleman, pp. 72, 84-85, § 4684, See also *Liberty Mut. Ins. Co. v. Atlantic C.L.R. Co.*, 66 Ga. App. 826, 833 (2) (19 SE2d 377) (1942). Accordingly, the Court of Appeals correctly affirmed the trial court's grant of summary judgment in favor of Insureds.

Although *Great American Ins. Co. v. McKemie*, supra, distinguished *State Farm Mut. Auto. Ins. Co. v. Keene*, 111 Ga. App. 480 (142 SE2d 90) (1965), this Court did not approve *Keene*. To the extent that *State Farm Mut. Auto. Ins. Co. v. Keene*, supra, is in conflict with our present decision, it is overruled.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 6, 1997.

*Womble, Carlyle, Sandridge & Rice, Jonathan M. Engram, C. Lawrence Meyer,* for appellant.
*Mullis, Marshall, Lindley & Powell, Julius A. Powell, Jr., Miguel A. Garcia, Jr.,* for appellees.