[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 27 2000
THOMAS K. KAHN
CLERK

_____

No. 99-8218

_____

D.C. Docket No. 98-00041-4-CV-JRE

PACIFIC EMPLOYERS INSURANCE COMPANY,

Plaintiff-Appellant,

versus

BLANE CESNIK,
KRISTI CESNIK,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(July 27, 2000)**

Before EDMONDSON and HULL, and WOOD, JR.[*], Circuit Judges.

WOOD, JR., Circuit Judge:

_____

[*]Honorable Harlington Wood, Jr., U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

This case arises out of a 1993 lawsuit filed by Blane and Kristi Cesnik against Edgewood Baptist Church ("Edgewood") and three individual Edgewood employees based on the Cesniks' adoption of two newborn babies through the church's adoption agency. The underlying facts of this case are set forth in our previous opinion, Cesnik v. Edgewood Baptist Church, 88 F.3d 902 (11th Cir. 1996) ("Cesnik"), and we will not restate them here. The Cesniks' original complaint alleged "wrongful placement and adoption," state and federal conspiracy claims, and a claim for breach of contract. On appeal, this court upheld the district court's grant of summary judgment with respect to the Cesniks' tort claims against all of the defendants based on statute of limitations grounds. Id. at 908-09. The panel affirmed the district court's grant of summary judgment in favor of the individual defendants on the Cesniks' contract claims. Id. at 910. The court also affirmed the grant of summary judgment in favor of one of the individual defendants on the conspiracy claims. Id. However, the panel vacated the district court's grant of summary judgment in favor of Edgewood on the Cesniks' contract claims as well as the judgment in favor of Edgewood and two of the individual defendants on the conspiracy claims. Id. The case was remanded with instructions to the district court "to require" the Cesniks to replead their contract and conspiracy claims. Id.

The Cesnik opinion was issued on July 5, 1996. This court then issued an unpublished order, Pacific Employers Insurance Company v. Cesnik, No. 94-9458 (11th Cir. August 20, 1996) (per curiam), dealing with a declaratory judgment action that Pacific Employers Insurance Company ("Pacific Employers") brought in the district court while Cesnik was pending seeking a declaration that the claims asserted in Cesnik were not covered under the commercial general liability insurance policy it issued to Edgewood ("the policy"). The district court held that the claims were embraced by the policy, but this court reversed, holding that the Cesniks alleged only non-physical injuries and, therefore, their claims were not covered by the policy.

Following remand and denial of certiorari in Cesnik, on July 31, 1997, the Cesniks filed their First Amended Complaint ("amended complaint"). Once again, Pacific Employers defended the suit pursuant to a reservation of rights. On March 2, 1998, Pacific Employers filed the declaratory judgment action at issue in this case, asserting that the claims of the amended complaint were not covered by the policy. The parties filed cross-motions for summary judgment. On January 22, 1999, the district court denied Pacific Employers' motion for summary judgment and granted summary judgment in favor of appellees, holding that there were claims in the amended complaint that were not asserted in the original complaint and that the amended complaint stated claims which, if successful, could arguably fall within the

3

policy's coverage. The district judge concluded, therefore, that this court's decision on the first declaratory judgment action was inapplicable and that Pacific Employers must continue to defend the suit. Pacific Employers appeals.

ANALYSIS

Pacific Employers raises several issues. First, Pacific Employers argues that the facts, claims, and damages alleged in the amended complaint are the same as those alleged in the original complaint and, therefore, the parties are barred by the earlier declaratory judgment action from relitigating the issue of insurance coverage. Alternatively, Pacific Employers contends that the Cesniks' claims are not covered under the policy. We review the district court's grant of summary judgment *de novo*. Elan Pharmaceutical Research Corp. v. Employers Ins. of Wausau, 144 F.3d 1372, 1175 (11th Cir. 1998). The parties agree that Georgia law governs this diversity case.

We need not determine the preclusive effect of the earlier declaratory judgment action because we find that the claims set forth in the amended complaint are clearly excluded from coverage under the express language of the policy. "Under Georgia law, the duty to defend an insured is separate and independent from the obligation to indemnify." Elan Pharmaceutical, 144 F.3d at 1375 (citing Penn-America Ins. Co. v. Disabled Am. Veterans, Inc., 490 S.E.2d 374, 376 (Ga. 1997)). "[A]n insurer must provide a defense against any complaint that, if successful, might potentially or

4

arguably fall within the policy's coverage." Id. (citing Penn-America, 490 S.E.2d at 376). To determine whether a duty to defend exists, we must "compare the allegations of the complaint, as well as the facts supporting those allegations, against the provisions of the insurance contract." Id. (citing Great Am. Ins. Co. v. McKemie, 259 S.E.2d 39, 40-41 (1979)); *see also* SCI Liquidating Corp. v. Hartford Fire Ins. Co., 181 F.3d 1210, 1214 (11th Cir. 1999) (citing cases).

The policy, which supplied coverage from October 1, 1989 through October 1, 1990, provides in pertinent part:

SECTION I – COVERAGES

COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.
> . . .

> b. This insurance applies to "bodily injury" or "property damage" only if:

>> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;" and
>> (2) The "bodily injury" or "property damage" occurs during the policy period.

5

c. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury."

2. Exclusions

This insurance does not apply to:

a. "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" from the use of reasonable force to protect persons or property.

b. "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

(2) That the insured would have in the absence of the contract or agreement.

The policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person including death resulting from any of these at any time." "Occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

The Cesniks' amended complaint contained four causes of action. Count One alleged breach of contract while Counts Two, Three, and Four alleged violations of

6

Georgia's Racketeer Influenced and Corrupt Organizations Act (Georgia RICO), GA. CODE ANN. § 16-14-4(a), (b), and (c). The amended complaint's prayer for damages sought to recover "all contractual damages including medical, psychological, psychiatric, educational, and like extraordinary child care expenses for [their two sons] which have been or will be incurred by the Cesniks" as well as "all contractual and/or extracontractual damages for past, present and future mental and emotional pain, distress, anguish and suffering."

It is clear that the Cesniks do not seek damages for bodily injury directly because, as this court has previously held, they are barred by the statute of limitations from pursuing tort claims under Georgia common law. Cesnik, 88 F.3d at 908-09. Furthermore, the Cesniks' Georgia RICO claims are not covered under the policy. These claims are based on allegations of intentional conduct, and therefore, any injury would not result from an occurrence as defined in the policy. *See* O'Dell v. St. Paul Fire & Marine Ins. Co., 478 S.E.2d 418, 420 (Ga. Ct. App. 1996); Presidential Hotel v. Canal Ins. Co., 373 S.E.2d 671, 673 (Ga. Ct. App. 1988). Additionally, the Cesniks' claims for damages for mental and emotional pain do not constitute claims for damages because of bodily injury as defined in the policy and, therefore, are not covered. *See* Anderson v. Southern Guar. Ins. Co., 508 S.E.2d 726, 729 (Ga. Ct. App. 1998) (holding that purely mental harm is not covered under a policy that defines

7

"bodily injury" as "bodily harm, sickness or disease"). Therefore, we focus our analysis on whether the Cesniks' breach of contract claim seeks damages because of bodily injury as defined in the policy.

Under the policy, the mere fact that bodily injury occurred is insufficient to trigger coverage. Instead, the policy provides coverage for damages sought "because of 'bodily injury.'" As the Court of Appeals of Georgia has held, damages "because of bodily injury" can be construed two ways. Lunceford v. Peachtree Cas. Ins. Co., 495 S.E.2d 88, 90 (Ga. App. Ct. 1997). Under a narrow construction, the phrase would only require coverage equal to the amount of damages actually awarded for bodily injury. Id. at 90-91. The phrase could also reasonably be construed more broadly to mean all damages which an insurer becomes liable to pay "by reason of" or "on account of" an injury. Id. at 91. Under either interpretation, the express terms of the policy at issue in the present case require a connection between the damages sought and a covered bodily injury. The amended complaint contains no such connection. While, in the body of their complaint, the Cesniks allege that, "related to the contractual agreement for the physical placement and prospective adoption" of the boys, they incurred costs for care of the boys due to bodily injury, there is no actual claim for damages on account of this injury. As previously noted, "whatever tort claims the Cesniks may have had under Georgia common law" are barred by the

8

statute of limitations.  <u>Cesnik</u>, 88 F.3d at 908.  Furthermore, as evidenced by their prayer for damages, the Cesniks seek only contractual damages.  Liability, if any, for these damages would result from a breach of contract; they are not damages that the insured could be liable for by reason of or on account of a bodily injury and, therefore, do not fall within the scope of the policy.  The amended complaint does not contain any claims which potentially might fall within the policy's coverage.  Therefore, Pacific Employers has no duty to defend in the present case, and the district court erred in denying Pacific Employers' motion for summary judgment.

## CONCLUSION

The district court's grant of summary judgment in favor of appellees is REVERSED.  The case is REMANDED to the district court with instructions to enter judgment in favor of Pacific Employers.