[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 29, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13618

_____

D. C. Docket No. 04-00073-CV-3-CDL

COLONY INSURANCE COMPANY,

Plaintiff-Appellant,

versus

CORROSION CONTROL, INC.,
CRAIG K. MEIER,
DEBORAH L. MEIER,
CORRPRO COMPANIES, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(June 29, 2006)**

Before EDMONDSON, Chief Judge, KRAVITCH, Circuit Judge, and
MIDDLEBROOKS[*], District Judge.

_____

[*] Honorable Donald M. Middlebrooks, United States District Judge for the Southern
District of Florida, sitting by designation.

KRAVITCH, Circuit Judge:

The sole question in this appeal from the district court's grant of summary judgment in a declaratory judgment action is whether Colony Insurance Company owes a duty to defend its insureds, Craig and Deborah Meier and Corrosion Control, Inc., in the underlying action brought by Corrpro Companies, Inc. We affirm the district court's holding that Colony has a duty to defend.

## I. Background

Corrpro Companies, Inc. ("Corrpro") sells products and services to prevent and control corrosion and deterioration of underground storage tanks and piping. Craig and Deborah Meier worked as District Manager and Office Manager, respectively, in Corrpro's Conyers, Georgia office until their termination on August 4, 1999. On August 23, 1999, the Meiers formed Corrosion Control, Inc., and began the process of starting their own business offering corrosion control services. Colony Insurance Company ("Colony") issued Corrosion Control a policy of commercial general liability insurance, which became effective on September 22, 1999 and was canceled on October 22, 2002.

On January 22, 2003, Corrpro commenced an action against appellees Craig K. Meier, Deborah L. Meier, and Corrosion Control, Inc. (the "Meier parties") in the United States District Court for the Northern District of Georgia, alleging

several violations of state and federal law.[2]  Colony agreed to represent the Meier parties subject to a reservation of rights.  On July 21, 2004, Colony filed a declaratory judgment action in the Middle District of Georgia pursuant to 28 U.S.C. § 2201 et seq., against the Meier parties and Corrpro, asking the court to declare that Colony does not have an obligation to defend or indemnify the Meier parties in the underlying action.[3]  Colony alleged that the Meier parties were not covered for the claims asserted by Corrpro in the underlying action because of the policy's "first publication" exclusion.

The Colony policy provides coverage for liability based on advertising injury under certain circumstances.  The Colony policy states:

> (1) "Advertising injury" means injury arising out of one
> or more of the following offenses:

---

[2] Corrpro asserted claims for infringement and dilution of registered trademarks and trade name, misappropriation of trade secrets, unfair competition, false advertising, disparagement of goods, injury to business reputation, tortious interference with business relations and contracts, fraud, conversion, theft, breach of contract, breach of and conspiracy to breach fiduciary duties, breach of and conspiracy to breach duties of loyalty, quantum meruit, quantum valebant, unjust enrichment, and claims arising under, inter alia, the Lanham Act, 15 U.S.C. § 1051 et seq., the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq., the Georgia Trade Secrets Act of 1990, O.C.G.A. § 10-1-760 et seq., the Georgia Fraudulent Encroachment Statute, O.C.G.A. § 23-2-55, and the common law.  In March 2004, the case was transferred to the United States District Court for the Middle District of Georgia.

[3] The district court ordered a stay in the underlying action pending the outcome of the declaratory judgment action.  Following the court's grant of summary judgment in favor of the Meier parties and Corrpro, the court denied Colony's motion to stay the underlying action pending appeal.  On March 31, 2006, the district court granted Corrpro's and the Meier parties' joint motion to stay proceedings in the underlying action pending appeal.

a. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

b. Oral or written publication of material that violates a person's right to privacy;

c. Misappropriation of advertising ideas or style of doing business; or

d. Infringement of copyright, title or slogan.

The Colony policy also contains the following "first publication" exclusion:

This insurance does not apply to:

"Personal injury" or "advertising injury":

. . .

(2) Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period . . . .

After the district court denied Corrpro's and the Meier parties' motions to dismiss Colony's declaratory judgment complaint, the parties filed cross-motions for summary judgment. Without ruling on the issue, the district court noted that it believed the "first publication" exclusion precluded coverage for all of Corrpro's claims against the Meier parties in the underlying action, except for the claim alleged in paragraph 36. Paragraph 36 alleges:

4

Following the Meiers' terminaton from employment with [Corrpro], [the Meier] Defendants immediately began bidding on projects and otherwise immediately competing with [Corrpro] for projects, using [Corrpro]'s proprietary pricing structures and methods, and other proprietary data, which bids could not have been completed and submitted without [the Meier] Defendants' possession and misappropriation of such proprietary data.

The court granted summary judgment in favor of the Meier parties and Corrpro because "coverage arguably exists as to the complaints asserted in paragraph 36 of the underlying complaint," thereby giving rise to Colony's duty to defend the Meier parties in the underlying action. Colony now appeals.

## II. Standard of Review

We review the district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the party opposing the motion. Cruz v. Publix Super Mkts., Inc., 428 F.3d 1379, 1382 (11th Cir. 2005). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment has the burden of showing that there is no genuine issue of material fact, and if it meets that burden, the opposing party "must set forth specific facts showing that

5

there is a genuine issue for trial." Adkins v. Cagle Foods JV, LLC, 411 F.3d 1320, 1323-24 (11th Cir. 2005) (citations omitted).

### III. Discussion

Although the parties focus the majority of their briefs on whether the "first publication" exclusion applies to all four subparts of the advertising injury definition, we do not need to reach that issue to resolve this case. Instead, we hold that regardless of whether the exclusion applies to all four subparts, the allegations in paragraph 36 do not implicate the "first publication" exclusion. Therefore, under Georgia law, which governs this dispute, Colony is obligated to defend the Meier parties in the underlying action.

Under Georgia's law governing the interpretation of insurance contracts, an insurer's duty to defend is different from an insurer's obligation to indemnify. Penn-Am. Ins. Co. v. Disabled Am. Veterans, Inc., 490 S.E.2d 374, 376-77 (Ga. Ct. App. 1997). Although an insurer need not indemnify an insured for a liability that "an insured incurs outside the terms of the insurance contract, an insurer must provide a defense against any complaint that, if successful, might potentially or arguably fall within the policy's coverage." Elan Pharm. Research Corp. v. Employers Ins. of Wausau, 144 F.3d 1372, 1375 (11th Cir. 1998) (citing Penn-Am., 490 S.E.2d at 376). An insurer is justified in refusing to defend an insured

only if the complaint against the insured does not assert any claim upon which there would be insurance coverage. City of Atlanta v. St. Paul Fire & Marine Ins. Co., 498 S.E.2d 782, 784 (Ga. Ct. App. 1998).

The parties agree that paragraph 36 of Corrpro's complaint in the underlying action asserts a claim for misappropriation of advertising ideas or style of doing business, a form of advertising injury covered under the Colony policy. Colony argues, however, that it does not have to defend the Meier parties for the claim alleged in paragraph 36 because pre-policy activity serves as the starting point for the claim, and the policy's "first publication" exclusion explicitly informs the insured that Colony will not defend the insured against advertising injuries "arising out of oral or written publication of material whose first publication took place before the beginning of the policy period." Colony contends that the "other proprietary data" to which Corrpro refers in paragraph 36 is Corrpro's trade name, CCI, which Colony alleges the Meier parties began to use before the policy's effective date. Colony points to, inter alia, three letters, two of which were delivered before the effective date of the policy, from Craig Meier to prospective customers referring to Corrosion Control, Inc., as "CCI" as evidence that the genesis of the advertising injury occurred before the policy's effective date. According to Colony, Corrpro alleged in its complaint that at the time Craig Meier

7

referred to Corrosion Control as CCI, Corrpro had a valid trademark for the CCI registered trademark and trade name.

Next, Colony cites several cases from this circuit and district courts within this circuit for the proposition that the Meier parties' alleged use of the CCI trade name is a form of misappropriation of advertising ideas or style of doing business. See, e.g., Hyman v. Nationwide Mut. Fire Ins. Co., 304 F.3d 1179, 1189 (11th Cir. 2002); John H. Harland Co. v. Clarke Checks, Inc., 711 F.2d 966, 980 (11th Cir. 1983); Adolfo House Distrib. Corp. v. Travelers Prop. & Cas. Ins. Co., 165 F. Supp. 2d 1332, 1339 (S.D. Fla. 2001). Presumably Colony cites these cases to show that the term "other proprietary data" could reasonably refer to the Meier parties' alleged use of the CCI trade name.

Regardless of whether the Meier parties' alleged use of Corrpro's CCI trade name constitutes misappropriation of advertising ideas or style of doing business, Colony's argument suffers from a fatal flaw. Contrary to Colony's argument, Corrpro's allegation that the Meier parties used and misappropriated "other proprietary data" is an insufficient basis in this declaratory judgment action for us to hold that Colony is relieved of its duty to defend. As this court has observed, "an insurer must provide a defense against any complaint that, if successful, might potentially or arguably fall within the policy's coverage." Elan Pharm. Research

8

Corp., 144 F.3d at 1374.  Here, the phrase "other proprietary data" is simply too vague for us to determine that the Meier parties' alleged use of the CCI trade name serves as the genesis of the advertising injury alleged in paragraph 36.

In paragraph 17 of its complaint, Corrpro defines the term "Corrpro Trademarks" to mean its registered trademark for a stylized version of CCI and its CCI trade name.  Then, in paragraphs 34, 37, 44, 90, 91, 92, 93, 96, and 97, Corrpro explicitly notes that the use of the "Corrpro Trademarks" and its trade name and abbreviation serve as a basis for its allegations in those paragraphs.  Paragraph 36, however, is noticeably lacking any specific reference to the "Corrpro Trademarks" or Corrpro's trade name or abbreviation.  Corrpro's specific reference to the "Corrpro Trademarks" and the trade name and abbreviation in nine paragraphs seriously undermines Colony's position that the term "other proprietary data" in paragraph 36 necessarily refers to the Meier parties' alleged use of the CCI trade name.  To the contrary, the specific references in other paragraphs lead us to conclude that Corrpro believes it can prove the allegations in paragraph 36 without establishing that the Meier parties used the CCI trade name.  Therefore, we hold that because the advertising injury alleged in paragraph 36 "might potentially or arguably fall within the policy's coverage," Colony has a duty to defend Corrosion Control in the underlying action.

9

Corrpro's allegation in paragraph 36 that the Meier parties' conduct began "immediately" following the Meiers' termination does not change our conclusion. Corrpro terminated the Meiers on August 4, 1999, and the Colony policy became effective on September 22, 1999. According to Colony's interpretation of the word "immediately," the policy did not become effective immediately after the Meiers' termination from Corrpro. Therefore, Colony asserts that we are compelled to hold that Corrpro's use of the word "immediately" necessarily means that the Meier parties began using Corrpro's "proprietary pricing structure" and "other proprietary data" before the effective date of the Colony policy, thereby excluding the allegations in paragraph 36 from coverage because of the "first publication" exclusion.

Although Colony has presented evidence that the Meier parties began using the CCI trade name before the effective date of the Colony policy, the record lacks any specific information about when the Meier parties began using Corrpro's "proprietary pricing structure" or "other proprietary data." Without more specific information in the record, we are unpersuaded that Corrpro's allegation that the advertising injury occurred immediately after the Meiers' termination necessarily means that the alleged advertising injury began before the effective date of the Colony policy and is thereby excluded from the coverage by the "first publication"

10

exclusion.

For the foregoing reasons, we AFFIRM the district court's ruling.