FILED
United States Court of Appeals
Tenth Circuit

December 8, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MOUNT VERNON FIRE
INSURANCE COMPANY,

      Plaintiff-Appellee,

v.

OKMULGEE INN VENTURE, LLC,

      Defendant-Appellant,

and

FRANCISCO OLMOS; LA
MARGARITA MEXICAN
RESTAURANT; STEVE EARL
PERRY, JR.; MICHAEL WILSON;
RANDY JAMES,

      Defendants.

No. 11-7036
(D.C. No. 6:10-CV-00033-FHS)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**MATHESON**, Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In Oklahoma, insurers are required to defend their insureds whenever facts give rise to the potential of liability under the policy. In this case, the district court found the insurer owed no duty of defense or indemnification because the precise facts alleged against the insured did not demonstrate there was coverage under the policy. We agree the facts fail to conclusively demonstrate coverage, but we think there is still a potential for coverage as permitted by Oklahoma law. We therefore reverse and remand for entry of judgment in favor of the insured.

I

Okmulgee Inn Venture, LLC ("Okmulgee") leased space to a nightclub-bar and was a named insured on a liquor liability insurance policy. Under the policy terms, Okmulgee was insured against injuries caused by "the selling, serving or furnishing of any alcoholic beverage." Aplt. App. Vol. 1 at 75. Also under the policy, Okmulgee's insurer, Mount Vernon Fire Insurance Company ("Mt. Vernon"), assumed a duty to defend Okmulgee against suits seeking damages for injuries covered by the policy. The relevant policy language states:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "injury" to which this insurance applies *if liability for such "injury" is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "injury" to which this insurance does not apply.*

*Id.* (emphasis added).

-2-

In 2006, three bar patrons sustained gunshot wounds during a fight at the nightclub and sued Okmulgee, alleging, among other things, that Okmulgee failed to ensure the safety of the bar's patrons, properly train the bar's staff, or investigate the bar's operator. The only specific allegations pertaining to alcohol were that two of the three victims were under-age but were admitted to the bar and served alcohol. Mt. Vernon refused to defend Okmulgee in these suits. Mt. Vernon asserted there was no coverage under the policy, and thus no duty to defend or indemnify, because the allegations did not indicate the injuries were caused by the selling, serving, or furnishing of alcoholic beverages. Mt. Vernon then initiated this declaratory judgment action to determine its obligations.

On cross motions for summary judgment, the district court ruled in favor of Mt. Vernon. The court recognized that Oklahoma law requires an insurer to defend an insured whenever facts give rise to the potential of liability under the policy. But the court determined there was no potential of liability because there were no specific allegations in the victims' complaints (or other evidence) indicating that alcohol caused the injuries. As a result, the court concluded that Mt. Vernon owed Okmulgee no duty of defense or indemnification.

II

We review the grant of summary judgment de novo, employing the same legal standard as the district court. *Apartment Inv. & Mgmt. Co. v. Nutmeg Ins. Co.*, 593 F.3d 1188, 1192 (10th Cir. 2010). The district court's interpretation

of Oklahoma law, which governs this diversity action, is reviewed de novo. *See Mincin v. Vail Holdings, Inc.*, 308 F.3d 1105, 1108-09 (10th Cir. 2002). Our application of Oklahoma law requires us to interpret clear and unambiguous insurance contracts so "as to give effect to the mutual intention of the parties, as it existed at the time of contracting." *Mansur v. PFL Life Ins. Co.*, 589 F.3d 1315, 1320 (10th Cir. 2009) (internal quotation marks omitted).

Okmulgee insists Mt. Vernon owes it a duty to defend because the facts show that coverage is provided by the policy. Specifically, Okmulgee points out that the victims were served alcohol, witnesses referred to beer bottles being used in the bar fight just before the shooting, and a police report from a prior incident revealed that the shooter previously had been arrested at the same bar for public intoxication.[1] Mt. Vernon responds, however, that the victims merely allege *they* were served alcohol, not the shooter, and there are no allegations that the shooter was drunk or that alcohol precipitated the shooting. Under these circumstances, Mt. Vernon contends, there are no indications that alcohol caused the injuries.

In Oklahoma, "[a]n insurer has a duty to defend an insured whenever it ascertains the presence of facts that give rise to *the potential of liability* under the policy." *First Bank of Turley v. Fid. & Deposit Ins. Co. of Md.*, 928 P.2d 298, 303 (Okla. 1996) (footnote omitted). "The phrase 'potentially covered' means

---

[1] Mt. Vernon does not contend it was unaware of this report when it denied Okmulgee's request for defense.

that the insurer's duty to defend its insured arises whenever the allegations in a complaint state a cause of action that gives rise to the *possibility of a recovery* under the policy; there *need not be a probability of recovery*."  *Id.* n.14 (internal quotation marks omitted); *accord Am. Motorists Ins. Co. v. Gen. Host Corp.*, 946 F.2d 1489, 1490 (10th Cir. 1991) ("So long as the insured can show a non-frivolous possibility that the claim against it may fall within the coverage of the insurance contract, the insurer has a duty to defend the insured.") (applying Kansas law).  Moreover, the analysis is not restricted to the four-corners of the complaint; rather, an "insurer's defense duty is determined on the basis of information gleaned from the petition (and other pleadings), from the insured and from other sources available to the insurer at the time the defense is demanded." *First Bank of Turley*, 928 P.2d at 303-04 (emphasis omitted) (footnote omitted). The focus is "upon the facts rather than upon the complaint's allegations, which may or may not control the ultimate determination of liability."  *Id.* at 303 n.13 (emphasis omitted).

The parties dispute whether the facts demonstrate that alcohol caused the injuries, but the issue is whether the facts establish a *potential* for coverage, that is, whether the circumstances alleged give rise to the *possibility* that the injuries were suffered by reason of the selling, serving, or furnishing of alcoholic beverages.  And on this score, we have little difficulty concluding that they do. The victims entered the bar and were served alcohol; a bar-fight ensued and

witnesses recalled beer bottles shattering; then gunshots were fired by a shooter who had been previously arrested at the same bar for being drunk in public. These known and undisputed facts establish the *possibility* that alcohol contributed to the injuries. We do not mean to suggest, of course, that the potential for coverage exists because "later-revealed facts" may show coverage: "'the correctness of an insurer's decision to [defend or not] cannot be determined by "later-revealed facts" of which the insurer ha[s] no knowledge or notice,'" *id.* at 304 n.19 (quoting *Great Am. Ins. Co. v. McKemie*, 259 S.E.2d 39, 40 (Ga. 1979)); *see also Gray v. Holman*, 909 P.2d 776, 780 (Okla. 1995) (holding that an insurer's liability for failure to defend is "measured by the facts then *known* and *knowable* to it"). But the known and undisputed facts in this case, standing alone, establish a credible possibility that the injuries sustained were caused by the selling, serving or furnishing of alcoholic beverages.

The district court arrived at a different conclusion because the victims' complaints did not specifically allege that alcohol caused the injuries, and the court declined to make that assumption based on the circumstances. We think the court's analysis was too restrictive. "The duty to defend cannot be limited by the precise language of the pleadings. *The insurer has a duty to look behind the third party's allegations to analyze whether coverage is possible.*" *First Bank of Turley*, 928 P.2d at 303 n.15. Given the nature of the facts gleaned from the underlying complaints and other materials, we conclude there is a possibility of

-6-

coverage. Consequently, Mt. Vernon is obligated to defend its insured, and Okmulgee is entitled to summary judgment on the duty-of-defense issue.

Whether Mt. Vernon owes a duty of indemnification, however, is another matter. "The duty to defend is separate from, and broader than, the duty to indemnify . . . ." *Id.* at 303. The duty to indemnify relates to liability actually imposed on the insured for claims falling within the scope of coverage. *E.g., United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 956-57 (10th Cir. 2011) (discussing Colorado law). Because the victims have yet to establish Okmulgee's liability for any claims, the question of Mt. Vernon's duty of indemnification is not ripe for adjudication. *See Culp v. Nw. Pac. Indem. Co.*, 365 F.2d 474, 478 (10th Cir. 1966); *United Nat'l Ins. Co. v. Dunbar & Sullivan Dredging Co.*, 953 F.2d 334, 338 (7th Cir. 1992). Nevertheless, we point out that if Okmulgee is found to be liable for any claims, Mt. Vernon's duty of indemnification will extend only to those claims falling within the scope of the policy.

### III

The judgment of the district court is REVERSED, and this case is REMANDED with instructions to enter summary judgment in favor of Okmulgee on the issue of the duty to defend.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-7-